RICHARD LOUCIOUS, APPELLANT, *v.* SHERIFF, CLARK COUNTY, NEVADA, RESPONDENT.

No. 10534

March 2, 1978                    575 P.2d 598

*Bell, Leavitt & Green* and *Thomas Burns,* Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *L. J. O'Neale,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

An indictment charged Richard Loucious with the felonious sale of a controlled substance (heroin), in violation of NRS 453.321 and NRS 453.161. Loucious challenged the indictment with a pretrial petition for a writ of habeas corpus contending, *inter alia,* the evidence presented to the grand jury was insufficient to sustain the probable cause burden which is imposed by NRS 172.155(1).[1] The district judge denied habeas and, in this appeal, Loucious asserts we are compelled to reverse. We agree.

---

[1] In view of our disposition of the appeal, we need not, and therefore do not, consider other claims of error.

The only evidence contained in the transcript of the grand jury proceedings that would connect Loucious to the charged offense was given by an undercover narcotics agent. The agent testified that on September 30, 1977, he approached a group of people, which included Richard Loucious, for the stated purpose of purchasing a controlled substance, heroin. Loucious, and others, conversed with the officer and, after the officer stated that he wanted "four bags" (of heroin), another individual in the group produced "four balloons" (of heroin) and completed a sale.

The recited facts may subject Loucious to charges under a criminal statute. However, in our view, they are "insufficient to establish probable cause that [Loucious] made a 'sale' [of heroin]." Egan v. Sheriff, 88 Nev. 611, 614, 503 P.2d 16, 17 (1972).

Accordingly, we reverse. This case is remanded to the district court with instructions to grant the petition for a writ of habeas corpus.