DANIEL J. SALAZAR, Appellant, *v.* SHERIFF, MINERAL COUNTY, NEVADA, Respondent.

No. 10683

June 7, 1978        579 P.2d 767

288

*Keith L. Lee,* Reno, for Appellant.

*Robert List,* Attorney General, Carson City; *Larry G. Bettis,* District Attorney, and *John S. Hill,* Deputy District Attorney, Mineral County, for Respondent.

## OPINION

*Per Curiam:*

This appeal is from a district court order denying a habeas corpus challenge to an information which charged that on two separate occasions Daniel J. Salazar sold a controlled substance (marijuana) in violation of NRS 453.321 and NRS 453.161.

1. Count I of the information charges that on August 4, 1977, Salazar made a sale of marijuana to Timothy Morgan.

The only evidence of Salazar's activities on August 4, 1977, was that he was physically in a room when Timothy Morgan and another person engaged in a conversation regarding the purchase and sale of a quantity of marijuana. At that juncture, Salazar was quoted as saying, "I don't want to get involved in this." He then left the room and the transaction was completed. While it is conceivable that the recited facts might establish probable cause that Salazar committed some transgression of the law, they are "insufficient to establish probable

cause that [he] made a 'sale' [of marijuana]." Egan v. Sheriff, 88 Nev. 611, 614, 503 P.2d 16,18 (1972). Accordingly, the district judge should have granted the habeas challenge to count I.

2. Count II charged that Salazar had delivered a baggie of marijuana to an individual in Sparks, Washoe County, and that the following day the recipient made a payment of $35 to Salazar in Hawthorne, Mineral County. There is such evidence in the transcript of the preliminary examination; thus, we perceive no error in the district judge's determination that Salazar probably committed the count II offense. *See* NRS 171.030; Walker v. State, 78 Nev. 463, 376 P.2d 137 (1962). *Cf.* State of Nevada v. Chapman, 6 Nev. 320 (1871), and its progeny.

The district judge's order denying habeas as to count I of the information is reversed. As to count II, it is affirmed.