DIANA FRANKLIN, Appellant, v. SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 11096

November 9, 1978                                         585 P.2d 1336

*Morgan D. Harris,* Public Defender, and *Victor Austin,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *Stanley W. Parry,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

An indictment charged that Diana Franklin committed a robbery (NRS 200.380) with the use of a deadly weapon (NRS 193.165). A pretrial petition for a writ of habeas corpus was denied and in this appeal Franklin contends that the district judge should have granted habeas because the evidence before the grand jury is insufficient to support the charges. We agree.

The victim testified that she had been robbed in the parking lot of a savings and loan association office and that the person who committed the robbery made a hasty departure in an automobile occupied by an undetermined number of people, none of whom were identified by race or gender.

The automobile was subsequently located and identified at a trailer park. The victim testified that about an hour and a half after the robbery, the police drove her to the trailer park where she saw and identified the person who allegedly perpetrated the robbery. That person was then in the company of appellant and another woman. The three people were arrested and indicted.

The victim did not identify Ms. Franklin as having been at the scene of the alleged crime. Neither was there any other evidence to connect Ms. Franklin with the charged crime.

The fact that Ms. Franklin was physically present with the person who allegedly committed the robbery—at a different time and place—may subject her to some criminal charge; however, we deem such presence, without more, insufficient to establish probable cause that she participated in the robbery. *See* Palombo v. Sheriff, 93 Nev. 492, 568 P.2d 580 (1977), and cases cited therein. *See also* United States v. Martinez, 555 F.2d 1269 (5th Cir. 1977); and, United States v. Bartemio, 547 F.2d 341 (7th Cir. 1974).

Accordingly, we reverse the district court's order and remand this case with instructions to grant appellant's petition for a writ of habeas corpus. *Cf.* Robertson v. Sheriff, 85 Nev. 681, 462 P.2d 528 (1969); State v. Jackson, 443 P.2d 279 (Kan. 1968).