MICHAEL DAVID TWIGG, AND PAULA TWIGG, APPELLANTS, v. SHERIFF, ELKO COUNTY, NEVADA, RESPONDENT.

No. 11475

February 16, 1979                                      590 P.2d 630

*Peter L. Flangas,* Las Vegas, for Appellants.

*Richard H. Bryan,* Attorney General, Carson City; and *Thomas Stringfield,* District Attorney, Elko County, for Respondent.

## OPINION

*Per Curiam:*

At the conclusion of a preliminary examination, an information was filed charging both appellants with the sale of a controlled substance, oil of hashish, a violation of NRS 453.321.

Both appellants filed separate and timely petitions for writs of habeas corpus contending: (1) that the information should be dismissed because of the failure of the state to produce a confidential informant at the preliminary examination; and, (2) that as to Michael Twigg, the evidence was insufficient to support a finding of probable cause that he made a "sale" of a controlled substance. The district court denied both habeas petitions, and this appeal has been perfected.[1]

Evidence adduced at the peliminary examination disclosed that on the morning of July 27, 1977, Wendy Lovato, an undercover agent, was put in telephone contact with appellants by a confidential informant. Subsequently, a meeting took place between Lovato, the confidential informant, and the appellants. At that time, Michael Twigg and the confidential informant entered the cab of Twigg's pickup truck while Lovato and Paula Twigg positioned themselves in the rear of the truck. Michael Twigg then began a short drive to a casino parking lot. In the course of the drive, Paula Twigg handed Lovato a vial containing oil of hashish. Upon arrival at the parking lot, Lovato and Paula Twigg exited from the back of the vehicle. Michael Twigg and the informant also exited from the cab of the vehicle. Thereafter, Michael and Lovato discussed matters unrelated to the sale of the oil of hashish. At the conclusion of the conversation, Lovato gave Paula Twigg $40 in payment for the oil of hashish. The confidential informant stood several feet away from the group and did not participate in the conversation.

1. The contention that the information should be dismissed because of the state's failure to produce the confidential informant is without merit. Here, the confidential informant's conduct did little more than introduce Lovato to the appellants. The confidential informant neither witnessed the alleged

---

[1]There is also an appeal from the district court's "Order Striking Untimely Affidavit of Prejudice" filed by Michael Twigg. Because we reverse the order denying Michael Twigg's petition for a writ of habeas corpus, we need not, and therefore do not, reach that issue.

sale nor participated in the subsequent conversation. Therefore, it does not appear that the confidential informant could supply information to substantiate a defense or rebut an element of the offense. In this limited situation, the state's failure to disclose the informant's name or produce him at the preliminary examination does not constitute reversible error.[2] *Cf.* State v. Stiglitz, 94 Nev. 158, 576 P.2d 746 (1978).

2. The record is barren of any evidence that Michael Twigg either suggested, encouraged, negotiated or consummated the sale. Although his association and the recited conduct may well expose him to some criminal liability, the evidence is insufficient to establish probable cause that Michael Twigg participated in the charged "sale" of a controlled substance. *See* Loucious v. Sheriff, 94 Nev. 98, 575 P.2d 598 (1978); Cunningham v. Sheriff, 94 Nev. 65, 574 P.2d 282 (1978); Palombo v. Sheriff, 93 Nev. 492, 568 P.2d 580 (1977); Campbell v. Sheriff, 92 Nev. 575, 555 P.2d 218 (1976); Egan v. Sheriff, 88 Nev. 611, 503 P.2d 16 (1972).

Accordingly, the district court's order denying Paula Twigg's petition for a writ of habeas corpus is affirmed. The order denying Michael Twigg's petition is reversed, without prejudice to the state's right to institute appropriate charges, if any, within 15 days after remittitur issues.

---

[2]In so holding, we express no opinion with regard to appellants' contention that the identity of an informant who is a material witness must be disclosed *before* the preliminary hearing.