FREDERICK LAFFEYETTE WOODALL, Appellant, *v.* SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 11453

March 15, 1979                                    591 P.2d 1142

*Redmon & McGimsey,* Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *Fernando Guzman,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

At the conclusion of a preliminary examination Frederick Laffeyette Woodall was ordered to stand trial for (1) robbery (NRS 200.380) and having used a deadly weapon in the commission of that offense (NRS 193.165); and, (2) being an ex-felon in possession of a firearm (NRS 202.360). A pretrial petition for a writ of habeas corpus which challenged the quantum of the evidence was considered and denied by the district court and Woodall has appealed.

1. The only evidence recorded in the transcript of the preliminary examination that would connect Woodall with the alleged robbery is that he was physically present with the person who was identifed as having perpetrated the robbery of a 7–11 Store in Las Vegas when that person was arrested several miles from the store and some two hours after the alleged offense occurred.

In order to sustain the robbery charge it was incumbent upon the state to produce some evidence that supports an inference that the robbery was probably committed by the accused. *See* Kinsey v. Sheriff, 87 Nev. 361, 487 P.2d 340 (1971). Here, there is no such evidence and our prior decisions have held that mere presence with the alleged perpetrator after the time of the robbery, and at a different place, is insufficient to establish probable cause of participation in the robbery. Franklin v. Sheriff, 94 Nev. 676, 585 P.2d 1336 (1978). Accordingly, the order of the district court is reversed as to the charge of robbery and having used a deadly weapon in the commission of that offense.

2.   There is testimony recorded in the transcript of the preliminary examination that a nine (9) millimeter hand gun was seized from the vehicle in which Woodall was riding at the time he was arrested. The record also contains evidence that Woodall had been convicted of burglary, a felony, in 1976. This evidence, if true, supports the district court's determination on the possession of a firearm by an ex-felon charge and we affirm that portion of the district court's order.