FREDERICK LAFFEYETTE WOODALL, Appellant, *v.* SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 11454

March 15, 1979                                    591 P.2d 1144

*Redmon & McGimsey,* Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *Fernando Guzman,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

At the conclusion of a preliminary examination, Frederick Laffeyette Woodall was ordered to stand trial for robbery (NRS 200.380) and having used a deadly weapon in the commission of that offense (NRS 193.165). A pretrial petition for a writ of habeas corpus, which challenged the quantum of the evidence to support the charges, was denied and Woodall has appealed.

Testimony recorded in the transcript of the preliminary examination identifies a person by the name of John Meador as having allegedly robbed a Stop 'N Go Market located on Atlantic Avenue, in Las Vegas. Meador was said to have used a .45 caliber automatic hand gun to obtain money, a pack of Camel cigarettes and a six-pack of Michelob beer. Prior to the robbery, Meador allegedly had been observed exiting from a '67 or '69 "GMC or Chevy" pickup truck which was driven by some person who could not be identified by sex or race. Meador's method of departure from the Stop 'N Go Market was not related.

Sometime (20 to 30 minutes) after the alleged robbery, a '76 "Dodge" pickup truck was stopped by police approximately five (5) miles from the Stop 'N Go Market. Woodall and Meador were in the cab of the "Dodge" pickup and were arrested. A six-pack of Michelob beer, some change and a nine (9) millimeter pistol were among the items in the truck which were seized by the arresting officer.

In support of the claim of reversible error, it is contended that the recited evidence was insufficient to support a finding of probable cause that Woodall committed the robbery. We agree. Although the state's burden at the preliminary examination is slight, it remains incumbent upon the state to produce some evidence that the offense charged was committed by the accused. See Kinsey v. Sheriff, 87 Nev. 361, 487 P.2d 340 (1971). Here, the only evidence produced against Woodall was that after the alleged robbery, he was apprehended in the presence of Meador, the alleged perpetrator, in a different vehicle from the one in which Meador had allegedly been seen before the robbery. Under analogous facts, we have previously held that mere presence with the alleged perpetrator after the time of the robbery, and at a different place, is insufficient to establish probable cause of participation in the robbery. See Franklin v. Sheriff, 94 Nev. 676, 585 P.2d 1336 (1978). Accordingly, the order of the district court is reversed.