ELVIS MICHAEL MERRYMAN, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 11493

October 15, 1979        601 P.2d 53

*Morgan D. Harris,* Public Defender, Clark County, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; and *Robert J. Miller,* District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Elvis Michael Merryman was convicted by jury verdict of burglary. After judgment of conviction, Merryman appealed contending evidence adduced at trial was insufficient to support the conviction.

On April 6, 1978, in Las Vegas, Nevada, an officer observed a man climb over a wall and exchange gestures with a man seated in a parked vehicle across the street. Finding this suspicious, the officer circled the block and stopped the suspect car as it left its location. The officer questioned the vehicle's occupants, Merryman and one Billy Barnett. They claimed Barnett had gone over the wall to retrieve beer, thrown there the evening before. The officer asked where the beer was and Barnett pulled a can of beer from under the seat of the car. The officer saw a portable radio-television unit in the back seat of the vehicle. Then, unsatisfied by their answers, the officer went with other officers to the residence at 1709 Fontenelle, Las Vegas, Nevada, which was behind the wall in question. Finding no one home, the officers went to the rear, where they found a door "kicked in." The resident identified the portable unit in the vehicle as her property and testified her house had been ransacked.

The appellant testified at trial that he and Barnett were retrieving beer as described; that he made no hand motions to

Barnett as he came over the wall; and, that when he asked Barnett where he got the portable unit, Barnett told Merryman he found it in the back yard. According to Merryman, Barnett told him to back up and drive through the alley, whereupon the officer stopped the car.

Appellant argues that his mere presence at the location of a burglary does not give rise to an inference that he participated in a burglary.

This court has held that presence, companionship, and conduct before and after the offense are circumstances from which a defendant's participation in the criminal intent may be inferred. Edwards v. State, 90 Nev. 255, 524 P.2d 328 (1974); Bayman v. Sheriff, 89 Nev. 86, 506 P.2d 1259 (1973); Johnstone v. Lamb, 89 Nev. 38, 505 P.2d 596 (1973); Robertson v. Sheriff, 85 Nev. 681, 462 P.2d 528 (1969). See Tellis v. State, 85 Nev. 679, 462 P.2d 526 (1969).

Appellant "explained" his presence at the scene to the jury; evidently it did not choose to believe him. Moreover, the officer's testimony contradicted appellant's testimony as to hand gestures or motions made by appellant while he was in the car, and as to what was said by appellant to the officer at the initial stop. The jury is the sole and exclusive judge of the credibility of witnesses and the weight to be given the evidence. Wheeler v. State, 91 Nev. 119, 120, 531 P.2d 1358 (1975); King v. State, 87 Nev. 537, 538, 490 P.2d 1054 (1971).

In view of appellant's presence at the scene, his apparent immediate possession of the stolen property, and the inconsistencies between the testimony of the officer and the appellant, a jury reasonably could conclude that the appellant was in the parked car near the wall for the purpose of aiding and assisting Barnett in the perpetration of a burglary, as charged.[1]

Affirmed.

---

[1]NRS 195.020 states:

"Every person concerned in the commission of a felony, gross misdemeanor or misdemeanor, whether he directly commits the act constituting the offense, or aids or abets in its commission, and whether present or absent; and every person who, directly or indirectly, counsels, encourages, hires, commands, induces or otherwise procures another to commit a felony, gross misdemeanor or misdemeanor is a principal, and shall be proceeded against and punished as such."