SHERIFF, CLARK COUNTY, NEVADA, APPELLANT, v. HAROLD TRAVIS LYONS, JR., RESPONDENT.

No. 12357

March 14, 1980                                    607 P.2d 590

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *Gregory C. Diamond,* Deputy District Attorney, Clark County, for Appellant.

*Manos & Cherry,* Las Vegas, for Respondent.

---

[2]The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in the place of THE HONORABLE CAMERON M. BATJER, who voluntarily disqualified himself in this case. Nev. Const. Art. 6, § 19; SCR 10.

## OPINION

*Per Curiam:*

By way of information, respondent was charged with possession of a cheating device, a violation of NRS 465.080.[1] Thereafter, respondent petitioned the district court for a pre-trial writ of habeas corpus on the ground that there was insufficient evidence to establish probable cause to bind respondent over for trial. The district court granted the petition and the State appeals therefrom.

At the preliminary examination a casino security agent testified that he observed respondent inserting what was later identified as a "spoon", a device used for cheating, into a slot machine.

A criminal defendant may be bound over for trial if the evidence adduced is sufficient to establish probable cause that a crime has been committed and the defendant has committed it. State v. von Brincken, 86 Nev. 769, 476 P.2d 733 (1970). "The finding of probable cause may be based on slight, even 'marginal' evidence . . . ." Sheriff v. Hodes, 96 Nev. 184, 186, 606 P.2d 178, 180 (1980). The "spoon" possessed by respondent was clearly identified as a device used for cheating slot machines. Thus, we believe the State produced evidence sufficient to establish probable cause. *See* Graham v. State, 86 Nev. 290, 467 P.2d 1016 (1970).

Reversed.

---

[1]NRS 465.080(3) provides:

"It is unlawful for any person, not a duly authorized employee of a licensed gaming establishment acting in furtherance of his employment within such establishment, to have on his person or in his possession while on the premises of such establishment any cheating or thieving device, including, but not limited to, tools, wires, drills, coins attached to strings or wires, electronic or magnetic devices to facilitate removing from any slot machine any money or other contents thereof."