SHERIFF, CLARK COUNTY, NEVADA, APPELLANT, v. MANUEL FERNANDEZ, RESPONDENT.

No. 12912

February 25, 1981                           624 P.2d 13

[2] The Governor designated The Honorable Joseph O. McDaniel, Judge of the Fourth Judicial District Court, to sit in the place of THE HONORABLE GORDON THOMPSON. Nev. Const., art. 6, § 4.

*Robert Miller,* District Attorney, and *John Wawerna,* Deputy District Attorney, Clark County, for Appellant.

*Goodman, Oshins, Brown & Singer,* and *Stephen Stein,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

An indictment charged Manuel Fernandez with the felonious sale of cocaine, a controlled substance (NRS 453.321, 453.171). A pretrial petition for writ of habeas corpus was granted on the

basis that there was not sufficient evidence before the grand jury to establish probable cause to believe that Fernandez committed the offense charged. We disagree.

The bulk of the evidence before the grand jury consisted of testimony from Ralph Orduno, an undercover narcotics officer with the Las Vegas Metropolitan Police Department. The substance of Orduno's testimony is as follows. Orduno met one Peter Bella (who was also named in the indictment) in a restaurant parking lot to further a narcotics purchase. Bella told Orduno the price for cocaine was $2,000 an ounce, and Orduno asked for a test sample. According to the testimony, Bella and Orduno then drove to the rear of the Flamingo Capri Hotel and parked. Bella left Orduno's automobile to get Orduno a sample of cocaine and was met by a hotel bellman, subsequently identified as Fernandez. Together Bella and Fernandez walked to the hotel's east parking lot and returned in approximately five minutes. Bella alone returned to Orduno's vehicle with a sample of cocaine. Officer Orduno tested the cocaine and told Bella he would purchase an ounce. Bella and Orduno then drove to the hotel's east parking lot and parked. Bella asked for the money but officer Orduno said he would not pay it until he first weighed the cocaine. Bella had to confer with "his partner" so he got out of Orduno's automobile and walked over to a nearby Lincoln Continental where he was again joined by Fernandez. Both Bella and Fernandez got into the Lincoln Continental and within a minute or two Bella returned to officer Orduno's vehicle with a plastic bag of cocaine. Officer Orduno weighed the bag and gave Bella $2,000. Bella immediately exited Orduno's vehicle and gave the money to Fernandez, who was standing at the rear of the Lincoln Continental. Officer Orduno also told the grand jury that he met Fernandez at a restaurant on a subsequent occasion to buy more cocaine and that Fernandez was the same man he had seen in the bellman's uniform when he purchased the ounce of cocaine. No purchase was made at this subsequent meeting but Fernandez later phoned Orduno to set up the details for another purchase which was consummated.

In grand jury proceedings the State need only show that a crime has been committed and that the accused probably committed it. Sheriff v. Hodes, 96 Nev. 184, 606 P.2d 178 (1980). Probable cause to support an indictment may be based on "slight" or even "marginal" evidence. Sheriff v. Hodes, *supra;* Woodall v. Sheriff, 95 Nev. 218, 591 P.2d 1144 (1979); Sheriff v. Badillo, 95 Nev. 593, 600 P.2d 221 (1979); Perkins v.

Sheriff, 92 Nev. 180, 547 P.2d 312 (1976). If an inference of criminal agency can reasonably be drawn, it is proper for the grand jury to do so. *See* Wrenn v. Sheriff, 87 Nev. 85, 482 P.2d 289 (1971); Thedford v. Sheriff, 86 Nev. 741, 476 P.2d 25 (1970). "To commit an accused for trial, the State is not required to negate all inferences which might explain his conduct, but only to present enough evidence to support a reasonable inference that the accused committed the offense." Kinsey v. Sheriff, 87 Nev. 361, 363, 487 P.2d 340, 341 (1971); *see also* Sheriff v. Hodes, *supra;* Johnson v. State, 82 Nev. 338, 418 P.2d 495 (1966).

Fundamentally, the respondent advances two arguments, both of which we find unpersuasive. Respondent first argues that his physical presence during the sale of narcotics by Bella *is insufficient to establish probable cause to indict him*. In support, respondent cites a detailed history of Nevada cases so stating. Had the evidence, together with reasonable inferences, indicated merely that respondent had been present during the sale of the cocaine and nothing more, there would indeed be no probable cause to indict him. Twigg v. Sheriff, 95 Nev. 112, 590 P.2d 630 (1979); Loucious v. Sheriff, 94 Nev. 98, 575 P.2d 598 (1978); Salazar v. Sheriff, 94 Nev. 287, 579 P.2d 767 (1978); Rhodes v. Sheriff, 93 Nev. 526, 569 P.2d 405 (1977); Palombo v. Sheriff, 93 Nev. 492, 568 P.2d 580 (1977); Egan v. Sheriff, 88 Nev. 611, 503 P.2d 16 (1972). However, the testimony before the grand jury indicated that the respondent was consulted separately by Bella before each step of the transaction and, most significantly, that the respondent received the proceeds from the sale. Further, the meetings between Bella and respondent, one taking place in respondent's own automobile, support the reasonable inference that respondent gave Bella the cocaine for the purpose of making delivery and returning cash to respondent. In such circumstances ample probable cause exists to indict the respondent.

Respondent also complains that officer Orduno's indentification of him, inasmuch as it was based on the license plate of respondent's vehicle and Bella's statement, "I'll see you later, Manny," was insufficient to establish that respondent was the bellman who met with Bella in the hotel parking lot. This contention ignores the fact that officer Orduno dealt with the respondent over a period of time and had other meetings with him. One such meeting, on November 9, 1977, was described in detail by officer Orduno for the grand jury. Orduno stated that

he was certain Manuel Fernandez was the very same man he had seen in the hotel bellman's uniform conferring with Bella and ultimately receiving the $2,000. The officer, then, had numerous independent bases to ascertain the bellman's identity.

Consequently, we find that the evidence before the grand jury established sufficient probable cause to indict Manuel Fernandez for the felonious sale of cocaine. The district court's order granting respondent's petition for a writ of habeas corpus is reversed.