SHERIFF, CLARK COUNTY, NEVADA, Appellant, v. RICHARD NEIL POTTER, Respondent.

No. 14568

May 19, 1983                                       663 P.2d 350

*Brian McKay,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, Clark County, for Appellant.

*Bernstein & Piazza,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

An information charged respondent Richard Potter (Potter) with two counts of robbery, a felony (NRS 200.380). The district court granted a pretrial petition for writ of habeas corpus on the ground that there was not sufficient evidence before the magistrate to establish probable cause to believe that Potter had committed the offense charged in the second count. Appellant Sheriff of Clark County has appealed from the order granting the petition. We reverse.

This court's review is limited to whether the district court committed substantial error in determining that there was no probable cause. Sheriff v. Provenza, 97 Nev. 346, 630 P.2d 265 (1981).

The evidence before the magistrate consisted solely of preliminary hearing testimony from Lora Estrada (Estrada), one of the two alleged victims. The substance of her testimony is as follows. On September 3, 1982, shortly after ten o'clock at night, Estrada was hitchhiking with Lois Toledo (Toledo) in Las Vegas. The two women were picked up by two men identified at the hearing as Potter and his co-defendant Ricky Foote (Foote), who was driving. The four agreed that Toledo would supply gas money and the men would drive both women first to the Western Union office and then to the airport. After

stopping at the Western Union office so that Toledo could obtain money for a flight to California, the men stopped at a park where they held a whispered conversation outside the car while the women waited inside. Upon leaving the park, the men did not proceed to the airport, but instead drove onto a dirt road leading to a desert dump. Foote stopped the car and Potter got out of the front passenger seat, opened the right rear door, and "jumped" into the back seat on Estrada's lap. Potter then pushed Toledo into the front seat while Foote pulled her by the hair. Estrada heard Foote yell to Potter to "[c]heck all of the pockets." Estrada was being held by Potter, but she nonetheless saw and heard Foote demand and receive money from Toledo in the front seat. Potter obtained $400 from Estrada, and Foote received $200 from Toledo. The women were removed from the car and the men drove away.

The district court granted the petition for writ of habeas corpus solely on the ground that the evidence linking Potter to the commission of the offense charged in the second count of the information (the robbery of Lois Toledo) would not support a finding of probable cause that Potter had committed the robbery.

Probable cause to support an information may be based on slight, even "marginal" evidence. Sheriff v. Lyons, 96 Nev. 298, 607 P.2d 590 (1980); see Sheriff v. Miley, 99 Nev. 377, 663, P.2d 343 (1983). Potter argued in support of his petition that Estrada's testimony was not fully consistent. However, "[w]hen the evidence is in conflict at the preliminary examination it is the function of the magistrate to determine the weight to be accorded to the testimony of the witnesses, and if an inference of criminal agency can be drawn from the evidence it is proper for the magistrate to draw it. . . ." Wrenn v. Sheriff, 87 Nev. 85, 87, 482 P.2d 289, 290 (1971).

In this case, the testimony of an eyewitness (Estrada) was that Potter was with Foote from the time the two women were picked up until after the robbery, that Potter secretively conversed with Foote just before the robbery, that their attack on the victims was contemporaneous and coordinated, and that Potter physically assisted Foote by pushing Toledo into the front seat as Foote pulled her. The two escaped together with the money obtained from both women. The magistrate properly drew an inference of criminal agency from this testimony. Under NRS 195.020, "[e]very person concerned in the commission of a felony . . . whether he directly commits the act constituting the offense, or aids or abets in its commission . . . is a

principal, and shall be proceeded against . . . as such.'' Further, ''[t]his court has held that presence, companionship, and conduct before and after the offense are circumstances from which a defendant's participation in the criminal intent may be inferred.'' Merryman v. State, 95 Nev. 648, 650, 601 P.2d 53 (1979). The district court therefore committed substantial error in finding that the evidence connecting Potter to the robbery of Toledo was insufficient to support a finding of probable cause.

Potter argued that his ''mere presence'' at the scene of the robbery of Toledo could not subject him to criminal liability. This proposition is correct, see Sheriff v. Fernandez, 97 Nev. 61, 624 P.2d 13 (1981), but irrelevant in light of Estrada's testimony. The other contentions raised by Potter in his petition below were rejected by the district court as meritless and deserve no further discussion here.

Consequently, we find that the evidence before the magistrate established sufficient probable cause to charge Richard Potter with the robbery of Lois Toledo. The district court's order granting Potter's petition for a writ of habeas corpus constituted substantial error and is reversed, the second count of the information is reinstated, and the case is remanded for trial.