*827 OPINION

Per Curiam:

This is an appeal from an order of the district court granting respondent’s pretrial petition for a writ of habeas corpus.
On September 10, 1992, a justice of the peace conducted the preliminary hearing for this matter. A marshalling of the evidence produced at the preliminary hearing suggests that on August 21, 1992, respondent Marshall Shade accompanied his stepson, Peter Kenneson, in Kenneson’s car as Kenneson conducted an illegal narcotics transaction with Ray Richardson, a confidential informant. Specifically, the evidence suggests that Shade was present as Kenneson negotiated for the sale of one ounce of heroin for which Kenneson received $2,400 of prerecorded buy money. Shade and Kenneson drove around Reno for a few hours, unknowingly followed by a surveillance team from the Consolidated Narcotics Unit. Kenneson made phone calls, met another individual, and entered a house during the surveillance period. Shade waited for Kenneson in the car while Kenneson was in the house. Shade made eye contact with two detectives who were watching Shade. Eventually, Kenneson returned to the car. Kenneson and Shade drove to a parking lot. Shade left *828 Kenneson in the parking lot and drove Kenneson’s car to Kenne-son’s apartment. After Shade departed, Kenneson delivered the ounce of heroin to Richardson and was arrested.
After Shade arrived at Kenneson’s apartment building, he was contacted by the detectives. The detectives discovered, in plain view, a small amount of cocaine and methamphetamine within plastic baggies on the driver’s side floorboard of the car. After arresting Shade, the detectives found that Shade had $100 of the prerecorded buy money.
On September 24, 1992, the state filed, in the district court, an information charging respondent Marshall Shade with one count of possession of a trafficking quantity of a controlled substance (heroin) in violation of NRS 453.3385 and NRS 453.3405, one count of unlawful sale of a controlled substance (heroin) in violation of NRS 453.321, one count of possession of a controlled substance (heroin) for the purpose of sale in violation of NRS 453.337, one count of possession of a controlled substance (heroin) in violation of NRS 453.336, one count of conspiracy to sell a controlled substance (heroin) in violation of NRS 453.401, one count of possession of a controlled substance (cocaine) in violation of NRS 453.336, and one count of possession of a controlled substance (methamphetamine) in violation of NRS 453.336.[1]
On November 17, 1992, Shade filed, in the district court, a petition for a pretrial writ of habeas corpus. On December 11, 1992, the district court conducted a hearing on Shade’s petition for a writ of habeas corpus. On January 4, 1993, the district court granted the petition and issued a writ of habeas corpus dismissing all charges against Shade. This appeal followed.
The state may appeal from a district court order granting a writ of habeas corpus. Sheriff v. Provenza, 97 Nev. 346, 347, 630 P.2d 265, 265 (1981). “The trial court is the most appropriate forum in which to determine factually whether or not probable cause exists.” Id. “Absent a showing of substantial error on the part of the district court in reaching such determinations, this court will not overturn the granting of pretrial habeas petitions for lack of probable cause.” Id. The finding of probable cause may be based on slight, even “marginal” evidence, because it does not involve a determination of the guilt or innocence of an accused. Sheriff v. Hodes, 96 Nev. 184, 186, 606 P.2d 178, 180 (1980). “To commit an accused for trial, the State is not required *829 to negate, all inferences which might explain his conduct, but only to present enough evidence to support a reasonable inference that the accused committed the offense.” Kinsey v. Sheriff, 87 Nev. 361, 363, 487 P.2d 340, 341 (1971).

Heroin Charges

The district court concluded that the state failed to present slight or marginal evidence to support its charges involving the heroin offenses. In Palombo v. Sheriff, 93 Nev. 492, 568 P.2d 580 (1977), we concluded that there was insufficient evidence to establish probable cause that a defendant made a sale of contraband where the only testimony connecting the defendant with the charged offense was that she was physically seated in the passenger seat of a car during the time that the co-defendant was engaged in the sale of heroin. “The mere physical presence of [the defendant] may subject her to some criminal charge; however, we deem such presence, without more, insufficient to establish probable cause that she made a ‘sale’ of the contraband.” Id. at 494, 568 P.2d at 581. See also, Twigg v. Sheriff, 95 Nev. 112, 114, 590 P.2d 630, 632 (1979) (“The record is barren of any evidence that [appellant] either suggested, encouraged, negotiated or consummated the sale. Although his association and the recited conduct may well expose him to some criminal liability, the evidence is insufficient to establish probable cause that [appellant] participated in the charged ‘sale’ of a controlled substance.”).
In its order granting Shade’s petition for a writ of habeas corpus, the district court concluded that Shade’s mere presence in Kenneson’s car was insufficient to establish probable cause that Shade sold, possessed for the purpose of sale, or conspired to sell heroin. Further, the district court concluded that there was no proof, even slight or marginal, that Shade had constructive possession, control, or the right to control the heroin. We conclude that the district court did not commit substantial error in determining that Shade’s activities constituted mere presence, and accordingly we affirm the order of the district court dismissing the charges against Shade involving heroin.

Possession Charges

In its order granting Shade’s pretrial petition for a writ of habeas corpus, the district court concluded that the state failed to present slight or marginal evidence that Shade had knowledge of the narcotics which were found in Kenneson’s car. A person has *830 constructive possession of a controlled substance only if the person maintains control or a right to control the contraband. Glispey v. Sheriff, 89 Nev. 221, 223, 510 P.2d 623, 624 (1973). “ [Possession may be imputed when the contraband is found in a location which is immediately and exclusively accessible to the accused and subject to [his] dominion and control.” Id. “In order to hold one for narcotics possession, it is necessary to show dominion and control over the substance . . . and knowledge that it is of narcotic character. . . . These elements may be shown by direct evidence or by circumstantial evidence and reasonably drawn inferences.” Fairman v. Warden, 83 Nev. 332, 336, 431 P.2d 660, 663 (1967) (citations omitted).
The evidence presented at the preliminary hearing suggests that Shade was alone in Kenneson’s car. The cocaine and methamphetamine were immediately and exclusively accessible to Shade and subject to his dominion and control. Testimony from the detectives suggests that the drugs were in plain view. This evidence, and the reasonably drawn inferences from the evidence, support a finding of probable cause that Shade committed the offenses of possession of cocaine and possession of methamphetamine. Therefore, we reverse that portion of the district court’s order dismissing the charges of possession of cocaine and possession of methamphetamine and remand this case to the district court for further proceedings.

The charges involving heroin shall be collectively referred to as “the heroin charges” and the charges involving cocaine and methamphetamine shall be collectively referred to as “the possession charges.”