THE STATE OF NEVADA, Appellant, *v.* MARSHALL TIMOTHY SHADE, Respondent.

No. 24986

January 20, 1994 867 P.2d 393

*Frankie Sue Del Papa,* Attorney General, Carson City; *Dorothy Nash Holmes,* District Attorney and *Gary H. Hatlestad,* Deputy District Attorney, Washoe County, for Appellant.

*David Houston* and *Scott Freeman,* Reno, for Respondent.

## OPINION

*Per Curiam:*

This is a discretionary appeal, pursuant to NRS 177.015(2), from a pretrial order of the district court granting respondent's motion in limine to exclude evidence. This is also an appeal, pursuant to NRS 177.015(1)(b), from an order of the district court granting a motion to dismiss. Both appeals have been docketed in this court under a single case number.

The state charged respondent Marshall Timothy Shade with several drug related offenses after Reno police officers allegedly observed Shade in the company of his stepson Peter Kenneson and confidential informant Ray Richardson. Kenneson had purchased heroin on behalf of Richardson. Several police officers claim that they found cocaine and methamphetamine in Kenneson's car which Shade was driving. In an appeal from an order of the district court granting a pretrial petition for a writ of habeas corpus, this court affirmed the dismissal of charges against Shade relating to a sale of heroin, reversed the dismissal of charges relating to possession of methamphetamine and cocaine, and remanded the matter to the district court. Sheriff v. Shade, 109 Nev. 826, 858 P.2d 840 (1993). Thereafter, the state instigated grand jury proceedings against Shade.

On September 29, 1993, the state filed in the district court an "indictment superceding information." The grand jury charged Shade with one count of unlawful transportation of a controlled substance (cocaine), one count of unlawful transportation of a controlled substance (methamphetamine), one count of possession of a controlled substance (cocaine), and one count of possession of a controlled substance (methamphetamine).

On October 13, 1993, Shade filed in the district court numerous motions and petitions. Significant to this appeal is Shade's "motion in limine precluding the introduction of any evidence regarding the sales charges previously dismissed." In his motion, Shade argued that the following evidence should be excluded because the evidence is irrelevant:

1. Drug activity of Peter Kenneson;

2. Peter Kenneson's involvement in the sales of heroin to Confidential Informant Ray Richardson;

3. Ray Richardson's knowledge of Peter Kenneson and his sales of controlled substances;

4. The $100 in "buy money" allegedly found on Marshall Timonthy Shade relating to the sale;

5. The $1,897 in cash found on Marshall Timothy Shade (from cashing his Washoe County teacher's paycheck);

6. The "counter-surveillance" allegation made by Detectives Leal and Moen against Marshall Timothy Shade at the time of the controlled substance transaction;

7. Any statements made by the Confidential Informant Ray Richardson relating to Peter Kenneson and/or Marshall Timothy Shade relating to the sale;

8. Any statements and/or actions of Peter Kenneson relating to Marshall Timothy Shade relating to the sale;

9. Any testimony by members of law enforcement regarding surveillance of Marshall Timothy Shade relating to the sale;

10. Any surveillance of the Confidential Informant and/or Peter Kenneson involving the sale;

11. Any discussion, whatsoever, in any way, shape or form regarding the drug heroin, including, but not limited to its discussion related to the sale;

12. Any discussion of any statement made by the Confidential Informant known as a "debrief" relating to the sale;

13. Any statement made by the Confidential Informant and/or Peter Kenneson and/or Marshall Timothy Shade relating to the Confidential Informant's being "wired" and his statement;

14. Any notes made by law enforcement agents relating to surveillance of the sale; and

15. Any and all evidence, in whatever form, relating to Ray Richardson.

On November 4, 1993, the district court conducted a hearing concerning the various motions and petitions. After denying most of Shade's motions and petitions, the district court granted, in

major part, Shade's motion in limine to preclude introduction of any evidence regarding the heroin transactions. Specifically, the district court announced from the bench:

> In the present case, it seems to the Court that evidence regarding the prior bad acts of the defendant would be prejudicial, for the simple reason the Jury would in all probability consider evidence of the prior bad acts as further proof that the defendant is a drug dealer.
>
> However, if the Court were convinced that the Jury would only take the previously-dismissed charges for the narrow purpose for which they would be introduced, the evidence would be admitted.
>
> But the danger, of course, would be that the Jury would assume that the defendant must have known of the drugs in the car, because he's been involved with drugs on other occasions. Such assumption would put the defendant on trial for crimes with which he is not charged.
>
> The Motion in Limine is granted.
>
> There will be no evidence put before this Jury as to any heroin, or any heroin transaction.

The district court subsequently added that the state is not precluded from presenting evidence of the $100 in buy money which was allegedly found on Shade. The district court's ruling was premised entirely upon the relevancy of the evidence and was not premised on any allegation that the evidence was illegally obtained.

After the district court ordered the evidence excluded, the state indicated that it was unable to proceed with its case. Shade then moved to dismiss the case. The district court orally granted Shade's motion to dismiss.

On November 5, 1993, the state filed in the district court a notice of appeal from the oral order of the district court "granting the defendant's Motion in Limine precluding or suppressing the introduction of evidence." On November 9, 1993, the state filed in this court a notice of appeal. In its preliminary statement of good cause in support of appeal, the state indicated that it wished to challenge the district court's decision to exclude evidence of the heroin transaction between Kenneson and confidential informant Richardson. On November 16, 1993, Shade filed a motion to strike the state's preliminary statement of good cause in support of appeal. Shade also moved to dismiss the appeal.

On December 3, 1993, the district court entered its written order granting Shade's motion to dismiss the action below. On December 9, 1993, the state filed in the district court a notice of

appeal from the written order of the district court granting Shade's motion to dismiss.

Shade contends that the appeal from the order of the district court granting Shade's motion in limine to exclude evidence should be dismissed because the district court did not suppress any evidence. Shade argues that a motion in limine is not the same as a motion to suppress evidence, and because the district court excluded evidence based on evidentiary considerations, rather than constitutional considerations, this court does not have jurisdiction over the appeal. The state responds that Shade's argument puts form over substance, and that because the district court ruled that the state could not use the evidence, the evidence has been suppressed.[1]

NRS 177.015(2) provides for appeals by the state from rulings upon suppression motions made pursuant to NRS 174.125. NRS 174.125 provides, in relevant part:

> 1. All motions in a criminal prosecution to suppress evidence, for a transcript of former proceedings, for a preliminary hearing, for severance of joint defendants, for withdrawal of counsel, and all other motions which by their nature, if granted, delay or postpone the time of trial must be made before trial, unless an opportunity to make such a motion before trial did not exist or the moving party was not aware of the grounds for the motion before trial.

There is no Nevada statute which defines "motion to suppress."[2] The term has, however, been defined by numerous courts. In Cook v. State, 85 Nev. 692, 694-95, 462 P.2d 523, 526 (1969),

---

[1]The state also argues that if this appeal is dismissed, criminal defendants will entitle all of their motions as "motions in limine" so as to avoid appeals from orders suppressing evidence. We reject this argument. It is the substance of an order, rather than its caption, which is determinative of whether the order is appealable.

[2]The only statutory authority which appears to be relevant is NRS 179.085(1), which provides:

> A person aggrieved by an unlawful search and seizure may move the court having jurisdiction where the property was seized for the return of the property and to suppress for use as evidence anything so obtained on the ground that:
> (a) The property was illegally seized without warrant;
> (b) The warrant is insufficient on its face;
> (c) There was not probable cause for believing the existence of the grounds on which the warrant was issued; or
> (d) The warrant was illegally executed. The judge shall receive evidence on any issue of fact necessary to the decision of the motion.

this court noted that a "motion to suppress is the remedy normally used to preclude the introduction of evidence at trial which is claimed to be inadmissible for constitutional reasons[.]'' Other courts have interpreted the term "motion to suppress" in a similar manner. For example, the State of Illinois has a statute that is nearly identical to NRS 177.015(2). In People v. McCollins, 468 N.E.2d 196 (Ill.App.Ct. 1984), the court ruled that the state could not appeal from an order granting a motion in limine. The order prohibited the state from offering any evidence of the defendant's alleged refusal to submit to a breath analysis. The court concluded:

> [D]efining that which constitutes an order of suppression and determining whether a trial court's ruling falls within that definition is a difficult task. [A] distinction must be made between the suppression of evidence and the exclusion of evidence. This distinction is not merely semantic. [The rule allowing the State to appeal] was not intended to give the State the right to appeal from every ruling excluding evidence offered by the State. It is suppression orders, as distinguished from evidentiary rulings, that are appealable under the rule.

*Id.* at 197-198 (citations omitted); *see also* People v. Kokesh, 486 P.2d 429 (Colo. 1971) (absent averment of constitutional overtone by defendant, ruling of court on defendant's claim that there was no chain of evidence established did not come within the rule relating to appeals by the state from rulings of court suppressing evidence); State v. Brown, 365 S.E.2d 865, 866 (Ga.Ct.App. 1988) (the State may "bring a direct appeal only when the trial court's exclusion of evidence is based upon the determination that the State unlawfully *obtained* it and not when the exclusion is based upon some general rule of evidence.") (emphasis in original); People v. Macaluso, 344 N.E.2d 476 (Ill.App.Ct. 1976) (order excluding evidence because of irrelevancy and immateriality was patently evidentiary in nature and did not constitute an order suppressing evidence from which State could appeal); State v. Dwyer, 847 S.W.2d 102, 103 (Mo.Ct.App. 1992) ("The 'suppression' of evidence is not the same thing as the exclusion of evidence on the basis of some rule of evidence. Suppression is a term used for evidence which is not objectionable as violating any rule of evidence, but which has been illegally obtained."); State v. Miller, 391 N.W.2d 151 (N.D. 1986) (appeal by state pursuant to statute allowing appeal from order suppressing evidence is limited to appeal from granting of motion to suppress under Criminal Procedure Rule 12(b)(3) and not the exclusion of evi-

dence based upon other reasons); Com. v. Brown, 378 S.E.2d 623 (Va.Ct.App. 1989) (commonwealth's right to appeal was limited to suppression orders granted on basis that evidence was obtained in violation of the provisions of the United States Constitution or the Constitution of Virginia).

"Motion to suppress" is a term of art which is defined as a request for the exclusion of evidence premised upon an allegation that the evidence was illegally obtained. Black's Law Dictionary 914 (5th ed. 1979) defines the term as follows:

> Device used to eliminate from the trial of a criminal case evidence which has been secured illegally, generally in violation of the Fourth Amendment (search and seizure), the Fifth Amendment (privilege against self incrimination), or the Sixth Amendment (right to assistance of counsel, right of confrontation etc.), of [the] U.S. Constitution.

In this case, the district court excluded evidence for evidentiary reasons. The district court did not suppress evidence. The right to appeal is statutory. Where no statute or rule provides for an appeal, no right to appeal exists. Taylor Constr. Co. v. Hilton Hotels, 100 Nev. 207, 678 P.2d 1152 (1984); Kokkos v. Tsalikis, 91 Nev. 24, 530 P.2d 756 (1975). There is no statute or rule which provides for an appeal from an order of the district court granting a motion in limine to exclude evidence. We conclude, therefore, that we lack jurisdiction to entertain the appeal from the order of the district court excluding the evidence. Accordingly, we grant Shade's motion, and we dismiss the state's appeal from the order of the district court granting Shade's motion in limine to exclude evidence.

This court may nonetheless consider the issue of the exclusion of the evidence in the context of the appeal from the order granting Shade's motion to dismiss. NRS 177.015(1)(b) provides that the state or the defendant may appeal to this court from an order of the district court granting a motion to dismiss. "Upon the appeal, any decision of the court in an intermediate order or proceeding, forming a part of the record, may be reviewed." NRS 177.045. The appeal from the order of the district court granting Shade's motion to dismiss may now proceed.