An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

GREGORY JAMES YOUNG,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61060

**FILED**

APR 0 9 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a nolo contendre plea, of possession of a stolen motor vehicle. Second Judicial District Court, Washoe County; Janet J. Berry, Judge.

Appellant Gregory James Young contends that the district court erred by denying his pretrial petition for a writ of habeas corpus wherein he alleged that the State failed to demonstrate that he constructively possessed the stolen vehicle.[1] At the preliminary hearing, the State presented evidence that Young and his codefendant exited a residence together and Young drove them to the location where the stolen vehicle was located. Young entered the passenger side of the vehicle while his codefendant entered the driver's side and started the vehicle. Young "motioned a direction with his finger" and the vehicle began to move. Almost immediately thereafter, police stopped the vehicle and detained Young and his codefendant. Upon questioning, Young stated that his codefendant stole the vehicle and admitted that he knew the vehicle was stolen and was helping his codefendant sell the vehicle. Young was to receive $200 for his role in the transaction.

---

[1]Young specifically reserved the ability to challenge the denial of the pretrial habeas petition in the plea agreement. See NRS 174.035(3).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-10581

This evidence provides slight to marginal evidence, <u>Sheriff v. Shade</u>, 109 Nev. 826, 828, 858 P.2d 840, 841 (1993), that Young had constructive possession of the vehicle, <u>see</u> <u>Palmer v. State</u>, 112 Nev. 763, 768-69, 920 P.2d 112, 115 (1996) (discussing constructive possession); <u>cf.</u> <u>Baker v. State</u>, 93 Nev. 11, 558 P.2d 629 (1977) (defendant's presence in a vehicle containing stolen property combined with surrounding circumstances gave rise to reasonable inference that he probably possessed the stolen property), and thus committed the charged offense, <u>see</u> NRS 205.273(1)(b). Accordingly, we conclude that Young fails to demonstrate that the district court erred by denying his petition, <u>see</u> <u>Shade</u>, 109 Nev. at 828, 858 P.2d at 841, and we

ORDER the judgment of conviction AFFIRMED.[2]

_____, J.
Hardesty

_____ J.
Parraguirre

_____, J.
Cherry

---

[2]Although we filed the fast track statement and appendix submitted by Young, they fail to comply with the Nevada Rules of Appellate Procedure. Young's fast track statement refers to matters in the record without specific citation to the appendix, <u>see</u> NRAP 3C(e)(1)(C), and the appendix does not contain all required documents, <u>see</u> NRAP 3C(e)(2)(C) and 30(b). Additionally, despite this court's issuance of a notice of deficient certificate of compliance, counsel failed to file a certificate of compliance in compliance with NRAP 3C(h)(3). Counsel for Young, Gemma Greene Waldron, is cautioned that the failure to comply with all applicable rules and directives of this court in the future may result in the imposition of sanctions. <u>See</u> NRAP 3C(n); <u>Smith v. Emery</u>, 109 Nev. 737, 743, 856 P.2d 1386, 1390 (1993).

cc: Hon. Janet J. Berry, District Judge
Law Office of Gemma Greene Waldron, PLLC
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk