An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

WILLIAM HOWARD BALLARD, IV,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65560

FILED

JAN 1 4 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of possession of a controlled substance and conspiracy to violate the uniform controlled substances act. Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Judge.

First, appellant contends that the district court erred by denying his pretrial motion to dismiss the charges. We review a district court's decision regarding a motion to dismiss for an abuse of discretion. *See Hill v. State*, 124 Nev. 546, 550, 188 P.3d 51, 54 (2008). Appellant argues that dismissal was warranted because he satisfied the requirements of NRS 453A.310(1) (providing an "affirmative defense to a criminal charge of possession . . . or any other criminal offense in which possession, delivery, or production of marijuana is an element"). We conclude that no relief is warranted. Our review of the record reveals that the district court heard argument regarding appellant's motion before trial began on October 7, 2013, and announced its ruling the same day. Transcripts from the relevant portion of the hearing were not provided for our review, and we are unable to discern the basis for the district court's decision. Regardless, NRS 453A.310(1) clearly provides a defense which

SUPREME COURT
OF
NEVAOA

(O) 1947A

15-01499

must be raised at trial and proven by a preponderance of the evidence. *See* NRS 453A.310(1)-(4). Accordingly, we conclude that the district court did not abuse its discretion by denying appellant's motion to dismiss.

Second, appellant contends that the district court erred by denying his motion to suppress the marijuana underlying his convictions on the ground that it was discovered after an unconstitutional search. When reviewing a district court's resolution of a motion to suppress, we review its factual findings for clear error and its legal conclusions de novo. *State v. Lisenbee*, 116 Nev. 1124, 1127, 13 P.3d 947, 949 (2000).

At the evidentiary hearing regarding appellant's motion, law enforcement officers testified that they received a call regarding a domestic violence incident at appellant's family home. When they arrived, appellant's mother, Fredrica, approached them and stated that her sons had gotten into an altercation but had left the scene. Suddenly, appellant emerged from the home scratched and bleeding. Appellant explained that he had gotten into a fight with his brother, Daniel, who was hiding upstairs. The officers expressed concern regarding Daniel's condition and asked to check on him but Fredrica refused, explaining that her two minor children were sleeping upstairs. The officers convinced Fredrica to try and get Daniel to come down. Fredrica called for Daniel but he did not respond. The officers determined that entry of the home was necessary to evaluate Daniel's condition, as well as that of the minor children, and proceeded inside without a warrant.

The district court concluded that the entry of the home fell into the emergency exception to the warrant requirement. We agree. *See Hannon v. State*, 125 Nev. 142, 147, 207 P.3d 344, 347 (2009) (the emergency exception to the warrant requirement is applicable where an

officer "had an objectively reasonable basis to believe that there was an immediate need to protect the lives or safety of themselves or others"). Although appellant contends that there was no concrete evidence to prove that Daniel was injured, an officer need only have "an objectively reasonable basis" to believe a person may be in need of assistance. *Id.*; *Brigham City, Utah v. Stuart*, 547 U.S. 398, 406 (2006). And although appellant contends that the officers were motivated by a desire to arrest Daniel, "a law enforcement officer's subjective motivation is irrelevant." *Hannon*, 125 Nev. at 147, 207 P.3d at 347 (internal quotation marks omitted). We conclude that the district court did not err by denying appellant's motion to suppress on this basis.

Third, appellant contends that the district court erred by denying his motion to suppress the marijuana underlying his convictions on the ground that it was not in his actual or constructive possession. We disagree because this ground was not a valid basis upon which to suppress evidence. A motion to suppress is "a request for the exclusion of evidence premised upon an allegation that the evidence was illegally obtained." *State v. Shade*, 110 Nev. 57, 63, 867 P.2d 393, 396 (1994). The stated ground did not challenge the legality of the search; rather, it alleged that there was no connection between the evidence and appellant. We conclude that the district court did not abuse its discretion by failing to grant appellant's motion to suppress on this basis.

Fourth, appellant contends that his convictions were contradictory and were not supported by sufficient evidence. We decline to consider these arguments because they lack cogent argument and legal authority. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).

Having considered appellant's contentions and concluded that no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Carolyn Ellsworth, District Judge
The Law Office of Dan M. Winder, P.C.
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk