# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHARLES DANIELS, DIRECTOR,
NEVADA DEPARTMENT OF
CORRECTIONS; AND THE STATE OF
NEVADA DEPARTMENT OF
CORRECTIONS,

Appellants,

vs.

MONIQUE KARIEN BORK,

Respondent.

No. 82372

FILED

MAY 11 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER DISMISSING APPEAL*

This is an appeal from an order imposing costs as a sanction for appellants' failure to comply with the district court's order denying appellant's motion to dismiss and granting respondent's petition for a writ of mandamus. First Judicial District Court, Carson City; James Todd Russell, Judge.

Respondent filed a petition for a writ of mandamus to compel appellants to produce public records. Appellants filed a motion to dismiss. On August 21, 2020, the district court denied the motion to dismiss and directed appellants to comply fully with respondent's public records request within 30 days. When appellants failed to produce the records as directed, respondents filed a motion for sanctions. On December 14, 2020, the district court granted the motion for sanctions, imposed sanctions, and directed appellants to inform the district court of any public record penalties incurred within the last 10 years pursuant to NRS 239.340(1). Appellants appeal from the order imposing sanctions.

Because no statute or court rule provides for an appeal from an order that solely concerns contempt, this court directed appellants to show cause why the appeal should not be dismissed for lack of jurisdiction. *See*

21-13452

*Pengilly v. Rancho Santa Fe Homeowners Ass'n*, 116 Nev. 646, 649, 5 P.3d 569, 671 (2000) (recognizing that a contempt order entered in an ancillary proceeding is not appealable). Appellants have responded and argue that because the August 21, 2020, order did not expressly state that it granted the petition for writ of mandamus, the order imposing the sanctions is the final, appealable order. Respondent has filed a reply.

"[A] final, appealable judgment is 'one that disposes of the issues presented in the case . . . and leaves nothing for the future consideration of the court'" except postjudgment issues such as attorney fees and costs. *Valley Bank of Nevada v. Ginsburg*, 110 Nev. 440, 874 P.2d 729 (1994) (*quoting Alper v. Posin*, 77 Nev. 328, 330, 363 P.2d 502, 503 (1961)). In determining whether a judgment is final this court looks to what the order does rather than what it is called, and the effect of the order is determinative of this issue. *See Valley Bank of Nev.*, 110 Nev. at 445, 874 P.2d at 733; *State v. Shade*, 110 Nev. 57, 61 n.1, 867 P.2d. 393, 395 n.1 (1994) ("It is the substance of an order, rather than its caption, which is determinative of whether the order is appealable.") Here the order denying the motion to dismiss expressly directed appellants to perform the specific acts demanded in the petition, thereby effectively granting the petition. There were no substantive issues left to the court's consideration. Accordingly, the order denying the motion to dismiss serves as the final order, and could have been appealed directly. A contempt order that is ancillary to another proceeding is not independently appealable. *Pengilly*, *supra*; *see also Brown v. MHC Stagecoach, LLC*, 129 Nev. 343, 345, 301 P.3d 850, 851 (2013) (This court has jurisdiction to consider an appeal only when the appeal is authorized by statute or court rule). Appellants' notice of appeal was filed well after the expiration of the 30 days permitted by NRAP

4 and cannot be construed as challenging the August 21, 2020, order. This court lacks jurisdiction, and

ORDERS this appeal DISMISSED.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc:     Hon. James Todd Russell, District Judge
        David Wasick, Settlement Judge
        Attorney General/Carson City
        Attorney General/Las Vegas
        Federal Public Defender/Las Vegas
        Carson City Clerk