IN THE SUPREME COURT OF THE STATE OF NEVADA

CHIRAGKUMAR PATEL,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; THE HONORABLE VERONICA
BARISICH, DISTRICT JUDGE; AND
SHERIFF JOSEPH LOMBARDO,
Respondents,
and
THE STATE OF NEVADA,
Real Party in Interest.

No. 82246

FILED

MAY 14 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DENYING PETITION

This original petition seeks a writ of habeas corpus discharging petitioner from custody because the State allegedly presented inadmissible evidence to the grand jury.

"An application for an original writ of habeas corpus should be made to the appropriate district court." NRAP 22. Petitioner did that—he filed a pretrial petition for a writ of habeas corpus in the district court. Although he had no right to appeal from the district court's decision denying that pretrial habeas petition, *see Kussman v. District Court*, 96 Nev. 544, 545-46, 612 P.2d 679, 680 (1980) (explaining that legislative amendments eliminated the right to appeal from an order denying a pretrial habeas petition), petitioner cannot seek this court's review through an original habeas proceeding before this court. Instead, petitioner can seek this court's review through a mandamus proceeding, provided he meets the requirements for mandamus relief. *See id.* (holding that this court has the

21-13937

power to review an order denying a pretrial habeas petition through a mandamus proceeding but that doing so is generally disfavored); *see also* NRS 34.160 (providing that mandamus may issue "to compel the performance of an act which the law especially enjoins as a duty resulting from an office"); *Walker v. Second Judicial Dist. Court*, 136 Nev., Adv. Op. 80, 476 P.3d 1194, 1196 (2020) (recognizing that "the petitioner's burden to demonstrate a clear legal right to a particular course of action by that court is substantial; [this court] can issue traditional mandamus only where the lower court has *manifestly* abused that discretion or acted arbitrarily or capriciously"); *Ostman v. Eighth Judicial Dist. Court*, 107 Nev. 563, 565, 816 P.2d 458, 459-60 (1991) (recognizing an exception to the general rule stated in *Kussman* for a purely legal issue).

We are not convinced that petitioner has demonstrated a manifest abuse or arbitrary or capricious exercise of discretion. *See State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 931-32, 267 P.3d 777, 780 (2011) (defining manifest abuse or arbitrary or capricious exercise of discretion and recognizing that the decision to entertain an extraordinary writ petition lies within our discretion). Regardless of any alleged error in presenting the chemist's declaration during the grand jury proceedings, the State presented other sufficient testimonial evidence to support the grand jury's finding of probable cause. *See Sheriff v. Lyons*, 96 Nev. 298, 299, 607 P.2d 590, 591 (1980) ("A criminal defendant may be bound over for trial if the evidence adduced is sufficient to establish probable cause that a crime has been committed and the defendant has committed it."); *Robertson v. State*, 84 Nev. 559, 561-62, 445 P.2d 352, 253 (1968) (recognizing that an indictment will be sustained even if inadmissible evidence was presented to

the grand jury so long as "there [was] the slightest sufficient legal evidence" presented).  Accordingly, we

ORDER the petition DENIED.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc:    Chief Judge, Eighth Judicial District Court
       Department 5, Eighth Judicial District Court
       Law Offices of John G. Watkins
       The Pariente Law Firm, P.C.
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk