CHARLES ARTHUR COOPER, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 10235

December 20, 1978                       587 P.2d 1318

*Morgan D. Harris,* Public Defender, Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City, and *George Holt,* District Attorney, Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Charles Arthur Cooper stands convicted of use of a deadly weapon in the commission of a crime, attempted murder and assault with a deadly weapon, stemming from the December 2, 1976 robbery of the El Burrito Cafe on Fremont Street, Las Vegas. Cooper appeals, claiming the evidence was insufficient

---

[1]The Chief Justice designated the Honorable David Zenoff, Chief Justice (Retired), to sit in this case. Nev. Const. art. 6, § 19.

to support a finding of the specific intent required for a conviction of attempted murder. This contention is meritless.

While running in an attempt to escape with money taken from the cafe, appellant twice turned and fired gunshots in the direction of the victim, who was pursuing him. The first shot was from a distance of about twenty feet; the second, from twenty-five to thirty-five feet. Appellant had a straight clear shot at the victim, who heard a "bam," and heard a bullet whiz by him.

Appellant concedes these facts establish an overt act, but claims specific intent to kill cannot be inferred from facts constituting an overt act, but must be proved by evidence of facts other than those of the overt act. He predicates this contention on Graves v. State, 82 Nev. 137, 413 P.2d 503 (1966).

In *Graves,* we explained that when a defendant is charged with attempted murder, an instruction on general intent is improper because, unlike a murder case, no homicide has occurred and therefore no foundation exists from which to *presume* the accused intended the natural and probable consequences of his act. Although *Graves* may be read to prohibit presuming the specific intent required for attempted murder, *Graves* did not, as appellant claims, prohibit the jury from drawing reasonable inferences of specific intent from facts proved—though some facts also establish an overt act by the defendant. The law directs that a "presumption" be raised, while an "inference" typically is merely permissible.

From the facts of this case, the jury could reasonably infer that defendant specifically intended to kill the victim.

Affirmed.