SHERIFF, WASHOE COUNTY, NEVADA, APPELLANT, v. WALTER RUSSELL HODES AND ERIC ALAN DICUS, RESPONDENTS.

No. 11779

February 15, 1980                              606 P.2d 178

*Richard H. Bryan,* Attorney General, Carson City; *Calvin R. X. Dunlap,* District Attorney, and *Donald K. Coppa,* Deputy District Attorney, Washoe County, for Appellant.

[1]MR. JUSTICE NOEL MANOUKIAN voluntarily disqualified himself and took no part in this decision. The Governor, pursuant to Art. VI, § 4, of the Constitution, designated Judge Michael E. Fondi of the First Judicial District to sit in his stead.

*William N. Dunseath,* Public Defender, and *Lew Carnahan,* Deputy Public Defender, Washoe County, for Respondent Eric Dicus.

*Lawrence J. Semenza,* Reno, for Respondent Walter Hodes.

## OPINION

*Per Curiam:*

By way of indictment, respondents were charged with the attempted murder of Steven Malvey, and aiding and abetting one another in the commission of said offense.[1] Thereafter, respondents petitioned the district court for a pretrial writ of habeas corpus alleging that their restraint was "unlawful in that there was not sufficient evidence presented at the Grand

---

[1]The indictment reads:

"ATTEMPTED MURDER, a violation of NRS 208.070 and NRS 195.020, being an attempt to violate NRS 200.010, a felony, . . ."

Jury Proceeding in this matter to constitute probable cause for remanding [them] to District Court upon the charges stated in the Indictment.'' This is an appeal from an order granting respondents' petition. The lower court found that the evidence presented to the grand jury was ''marginal'' to support the charge of attempted murder; and specifically, that such evidence was insufficient to establish, by permissible inference, the element of specific intent to kill. We disagree.

The grand jury was presented with evidence that on January 22, 1979, Walter Hodes and Eric Dicus, as driver and passenger respectively, were proceeding westbound in an erratic manner on Moana Lane in Reno, Nevada. Swerving from lane to lane, respondents eventually came adjacent to another car driven by Steven Malvey. The two cars proceeded side by side, swerving intermittently, up Moana Lane. Shortly thereafter, a witness discovered Malvey leaning against the window of his car, bleeding profusely from a wound in the neck. A police detective testified that respondent Dicus admitted pointing a loaded .357 caliber revolver out his passenger window with both hands and firing one shot.

The sole function of this court is to determine whether all of the evidence received at the grand jury proceeding establishes probable cause to believe that an offense has been committed and that the defendants committed it. State v. von Brincken, 86 Nev. 769, 476 P.2d 733 (1970). The finding of probable cause may be based on slight, even ''marginal'' evidence, Sheriff v. Badillo, 95 Nev. 593, 600 P.2d 221 (1979); Perkins v. Sheriff, 92 Nev. 180, 547 P.2d 312 (1976), because it does not involve a determination of the guilt or innocence of an accused. *See* Kinsey v. Sheriff, 87 Nev. 361, 487 P.2d 340 (1971). We are not now concerned with the prospect that the evidence presently in the record may, by itself, be insufficient to sustain a conviction. Miller v. Sheriff, 95 Nev. 255, 592 P.2d 952 (1979); McDonald v. Sheriff, 89 Nev. 326, 512 P.2d 774 (1973). Accordingly, the state need not produce the quantum of proof required to establish the guilt of the accused beyond a reasonable doubt. Kinsey v. Sheriff, *supra*.

Specifically, in the case at bar, to bind over the respondents for trial, the state is not required to negate all inferences which might explain their conduct, but only to present enough evidence to support a reasonable inference that respondent Dicus discharged the revolver with the specific intent to kill the victim. *Cf.* Abbott v. Sheriff, 87 Nev. 397, 487 P.2d 1067 (1971);

Kinsey v. Sheriff, *supra;* Johnson v. State, 82 Nev. 338, 418 P.2d 495 (1966).

The determination of intent, *i.e.,* a person's state of mind at a particular moment, as an element of crime, is a subjective matter, and, therefore, is seldom susceptible of proof by direct evidence. Accordingly, the trier of fact is allowed and invariably must resort to inferences from the attendant circumstances in establishing this element of the offense. Jensen v. Sheriff, 89 Nev. 123, 508 P.2d 4 (1973); Wilson v. State, 85 Nev. 88, 450 P.2d 360 (1969). Particularly, when the inference of malice has been at issue, this court has held that the matter is not a question to be determined by the trial judge at a hearing upon a petition for a writ of habeas corpus, nor by this court on appeal, but by the trier of fact at the trial of the case. Thedford v. Sheriff, 86 Nev. 741, 476 P.2d 25 (1970).

With due regard to these long-established principles, we must conclude that the grand jury could reasonably infer from the evidence presented, that when respondent Dicus discharged the weapon, he did so with the intent to kill the victim. On numerous occasions, this court has held that a jury may find a reasonable inference of a specific intent to kill from the facts proved, including those establishing the overt act itself. *E.g.,* Cooper v. State, 94 Nev. 744, 587 P.2d 1318 (1978). *Cf.* Culpepper v. Sheriff, 92 Nev. 618, 555 P.2d 1231 (1976); Hearne v. Sheriff, 92 Nev. 174, 547 P.2d 322 (1976); Perkins v. Sheriff, *supra;* Maupin v. Sheriff, 90 Nev. 99, 520 P.2d 237 (1974).

Consequently, we find that such evidence and the inferences which reasonably may be drawn therefrom, constitutes probable cause to believe that the aforementioned charges in the indictment were committed and that the defendants committed them. Accordingly, the district court's order granting respondents' petition for a writ of habeas corpus is reversed.