An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

THERESA ANN GASPER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60908

FILED

MAR 14 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of burglary. First Judicial District Court, Carson City; James Todd Russell, Judge.

Corpus delicti/sufficiency of the evidence

Appellant Theresa Ann Gasper contends that the district court erred by denying her pretrial habeas petition, and there was insufficient evidence to support her conviction, because the State failed to establish the corpus delicti independent of her alleged confession at the preliminary hearing and at trial. We disagree.

We defer to the district court's determination of factual sufficiency when reviewing pretrial orders on appeal. See Sheriff v. Shade, 109 Nev. 826, 828, 858 P.2d 840, 841 (1993). The evidence presented at the preliminary hearing indicated that Gasper entered a Wal-Mart, concealed several items in her approximately 12" x 18" black purse, and proceeded to exit the store without paying. A loss prevention agent testified that Gasper's purse was empty after the stolen items were removed from it. The district court found, among other things, that "[e]ntering into a store carrying an empty purse is sufficient evidence that the defendant entered with the intent to commit theft for purposes of

13-07719

establishing corpus delicti at the preliminary hearing." We conclude that the district court did not err by denying Gasper's pretrial habeas petition. See Sheriff v. Dhadda, 115 Nev. 175, 180, 980 P.2d 1062, 1065 (1999) ("The same standard that applies to probable cause for guilt applies to proof of the corpus delicti."); Sheriff v. Hodes, 96 Nev. 184, 186, 606 P.2d 178, 180 (1980) (probable cause to support a criminal charge "may be based on slight, even 'marginal' evidence because it does not involve a determination of the guilt or innocence of an accused" (internal citations omitted)).

Additionally, the State presented sufficient evidence at trial to satisfy the corpus delicti rule, see generally Doyle v. State, 112 Nev. 879, 892, 921 P.2d 901, 910 (1996), overruled on other grounds by Kaczmarek v. State, 120 Nev. 314, 333, 91 P.3d 16, 29 (2004), and establish guilt beyond a reasonable doubt as determined by a rational trier of fact, see Jackson v. Virginia, 443 U.S. 307, 319 (1979); Mitchell v. State, 124 Nev. 807, 816, 192 P.3d 721, 727 (2008). The same loss prevention agent testified as she did at the preliminary hearing, albeit in greater detail about Gasper's suspicious behavior inside the store. The loss prevention agent also acknowledged that she did not look inside Gasper's purse and see that it was empty after the stolen items were removed, but clarified that "[i]t looked empty." After the State presented the loss prevention agent, Deputy Craig Erven of the Carson City Sheriff's Office testified that Gasper confessed to the burglary, stating, "She needed some stuff for her kids[,] that she knew she did not have any money with her, that she knew beforehand that she was going to Wal-Mart to steal some items, and that she got caught." See West v. State, 119 Nev. 410, 417, 75 P.3d 808, 813

(2003) (corpus delicti must be established by independent evidence before defendant's extrajudicial admissions can be considered).

Circumstantial evidence alone may satisfy the corpus delicti rule and sustain a conviction. See id. at 416, 75 P.3d at 812; Buchanan v. State, 119 Nev. 201, 217, 69 P.3d 694, 705 (2003); see also Grant v. State, 117 Nev. 427, 435, 24 P.3d 761, 766 (2001) ("Intent need not be proven by direct evidence but can be inferred from conduct and circumstantial evidence."). It is for the jury to determine the weight and credibility to give conflicting testimony, McNair v. State, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992), and a jury's verdict will not be disturbed on appeal where, as here, sufficient evidence supports the verdict, Bolden v. State, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981); see also NRS 205.060(1). We conclude that the jury could reasonably infer from the evidence presented that Gasper committed the crime beyond a reasonable doubt.

Character/impeachment evidence

Gasper contends that the district court erred by allowing the State to ask her on cross-examination about a prior conviction and arrest. "We review a district court's decision to admit or exclude evidence for an abuse of discretion." Mclellan v. State, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008). Here, after watching the surveillance videotape of her actions inside Wal-Mart and in response to one of defense counsel's questions about her decision to steal, Gasper stated, "They said I looked nervous because I was because I never had done anything like that before." The district court ultimately found that Gasper "was implying that she's never had any prior theft or incidents with respect to that" and ruled that she opened the door to questioning about her prior acts on cross-examination by the State. The district court specifically found that the evidence was

Supreme Court
OF
Nevada

(O) 1947A

3

admissible pursuant to NRS 48.045(1)(a) (permitting rebuttal character evidence), and for impeachment purposes, see NRS 50.085(3), and provided the jury with a limiting instruction. We conclude that the district court did not abuse its discretion. See Jezdik v. State, 121 Nev. 129, 136-40, 110 P.3d 1058, 1063-65 (2005).

Alleged hearsay

Gasper contends that the district court erred by sustaining the State's objection to alleged hearsay, specifically, her testimony that while shopping in Wal-Mart, her husband either called or sent a text message informing her that there was not enough money left on the prepaid debit card to pay for the items she sought to purchase. Gasper argues that her testimony was not offered for the truth of the matter asserted but rather to demonstrate her belief and state of mind and to prove she did not form the intent to steal until after she entered the store and received her husband's message. We agree with Gasper and conclude that the district court abused its discretion by sustaining the State's objection on hearsay grounds. See NRS 51.035; Weber v. State, 121 Nev. 554, 578, 119 P.3d 107, 124 (2005) ("[T]he hearsay rule does not exclude a statement merely offered to show that the statement was made and the listener was affected by the statement." (quotation omitted)); see also Mclellan, 124 Nev. at 267, 182 P.3d at 109. Nevertheless, in light of the overwhelming evidence of Gasper's guilt, we conclude the district court's error was harmless beyond a reasonable doubt. See Tabish v. State, 119 Nev. 293, 311, 72 P.3d 584, 595 (2003) ("Harmless error analysis applies to hearsay errors.").

Motion in limine/confession

Gasper contends that the district court erred by denying her motion in limine to suppress her alleged confession to Deputy Erven that

she entered the Wal-Mart with the intent to steal.[1] Without citation to case law for support, Gasper claims that because Deputy Erven could not remember her exact words, "the statement does not fall within the exception to the hearsay rule." See NRS 51.035(3)(a). We disagree. The district court conducted a hearing and Deputy Erven testified that he remembered "the gist of the conversation" with Gasper when "she admitted it to me that she did not have any money, that she went to Wal-Mart solely to steal." The district court found that Deputy Erven "indicated clearly what he thought she said" and determined that Gasper's statements were admissible non-hearsay pursuant to NRS 51.035(3)(a). We agree and conclude that the district court did not abuse its discretion by denying Gasper's motion in limine. See Mclellan, 124 Nev. at 267, 182 P.3d at 109.

Prosecutorial misconduct

Gasper contends that the prosecutor committed misconduct during the State's closing argument by making a golden rule argument. See Lioce v. Cohen, 124 Nev. 1, 22, 174 P.3d 970, 984 (2008) (golden rule arguments ask "jurors to place themselves in the position of one of the parties" and "are improper because they infect the jury's objectivity"). Gasper did not object and we conclude that she fails to demonstrate plain error. See Valdez v. State, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008) (challenges to unobjected-to prosecutorial misconduct are reviewed for plain error); Green v. State, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003) (when reviewing for plain error, "the burden is on the defendant to show

---

[1]At trial, Gasper rebutted Deputy Erven's testimony and claimed that she never confessed to burglary.

actual prejudice or a miscarriage of justice"); see also NRS 178.602 ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.").

Cumulative error

Gasper contends that cumulative error deprived her of a fair trial and requires the reversal of her conviction. Balancing the relevant factors, we conclude that Gasper's contention is without merit. See Valdez, 124 Nev. at 1195, 196 P.3d at 481. Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:  Hon. James Todd Russell, District Judge
     State Public Defender/Carson City
     Attorney General/Carson City
     Carson City District Attorney
     Carson City Clerk