An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

CHRISTOPHER KEITH BOWERS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61104

**FILED**

APR 0 9 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of aggravated stalking. Second Judicial District Court, Washoe County; Steven P. Elliott, Judge.

Appellant Christopher Keith Bowers contends that the State adduced insufficient evidence at the preliminary hearing to establish that he committed aggravated stalking. The judgment of conviction states that Bowers pleaded guilty to the charge of aggravated stalking and nothing in the record before this court indicates that he expressly preserved, in writing, the right to challenge any adverse pretrial determinations on appeal. See NRS 174.035(3). Thus, we conclude that Bowers waived the right to challenge the sufficiency of the evidence adduced at the preliminary hearing when he pleaded guilty. See Webb v. State, 91 Nev. 469, 470, 538 P.2d 164, 165 (1975) (the entry of a guilty plea generally waives any right to appeal from events occurring prior to the entry of the plea).

Bowers also asserts that the State adduced insufficient evidence at the preliminary hearing to establish that the State of Nevada has jurisdiction over, and Washoe County is the appropriate venue for, the charged offense because it did not show that the threatening phone calls

SUPREME COURT
OF
NEVADA

(O) 1947A

13 - 10091

and/or text messages originated in Washoe County or Nevada. Bowers waived his ability to challenge the venue by pleading guilty. See id. Even assuming, without deciding, that proof of the situs of the crime implicates the district court's subject matter jurisdiction and is thus not subject to waiver by entry of the guilty plea, compare e.g., Rothchild v. State, 558 So. 2d 981, 984 (Ala. Crim. App. 1989) (State must prove that felony was committed in the state to establish subject matter jurisdiction), with State v. Adams, 958 A.2d 295, 300 n.4 (Md. 2008) (whether an offense was committed within the state's boundaries is a question of territorial jurisdiction), overruled on other grounds by Unger v. State, 48 A.3d 242, 258 (Md. 2012), and State v. Crocker, 621 S.E.2d 890, 894-95 (S.C. Ct. App. 2005) (appellant's claim that court lacked jurisdiction due to State's failure to allege that the offense occurred in the county was challenge to personal jurisdiction rather than subject matter jurisdiction); see generally Colwell v. State, 118 Nev. 807, 812, 59 P.3d 463, 467 (2002) (subject matter jurisdiction is not subject to waiver); 4 Wayne R. LaFave, et al., Crim. Proc. § 16.4(d) (3d ed. 2012) (lack of jurisdiction apparent on the face of a charging document is not waivable); see also Estrada v. State, 148 S.W.3d 506, 508-09 (Tex. Ct. App. 2004) (rejecting appellant's claim that court lacked jurisdiction because State did not prove that the offense occurred within the state where appellant pleaded guilty and admitted committing offense in state), Bowers offers no cogent argument or citation to authority in support of his contention that jurisdiction is contingent upon a showing that the threatening conduct originated in Washoe County or Nevada. See NRS 171.015 (defendant is liable for punishment in Nevada where offense commenced in another state is consummated in Nevada); Sheriff v. Hodes, 96 Nev. 184, 186, 606 P.2d 178, 180 (1980)

SUPREME COURT
OF
NEVADA

(O) 1947A

2

("[F]inding of probable cause may be based on slight, even 'marginal' evidence."); <u>Rossana v. State</u>, 113 Nev. 375, 383, 934 P.2d 1045, 1050 (1997) (discussing elements of aggravated stalking); <u>see also</u> <u>State v. Woolverton</u>, 159 P.3d 985, 992-93 (Kan. 2007) (state had jurisdiction over criminal threat perceived in that state). Bowers therefore fails to demonstrate any error in this regard. Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____ , J.
Hardesty

_____ J.
Parraguirre

_____ , J.
Cherry

cc:   Chief Judge, Second Judicial District Court
Lee T. Hotchkin, Jr.
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk