An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JAMES LEWIS ATKINS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61051

FILED

MAY 30 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

In his proper person petition filed on January 27, 2011, appellant claimed that he received ineffective assistance from counsel.[2] To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the

_____

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. See Luckett v. Warden, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]Appellant was represented initially by Monti Levy during pretrial proceedings and then by Dayvid Figler, who also represented him at trial and on direct appeal.

Appellant raised 132 claims in his petition. Many of these claims were similar and have been grouped together for ease of disposition.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-15971

proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden, Nev. State Prison v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see also Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996).

First, appellant claimed that counsel was ineffective for failing to appear at his initial arraignment, where counsel should have challenged appellant's arrest on the basis that the police officer made a binding promise not to arrest him, and challenged the arraignment because it was not held within 72 hours of his arrest. Appellant failed to demonstrate deficiency or prejudice. He did not demonstrate that his arrest was illegal, and the record belies his claim that he was not arraigned within 72 hours of his arrest. *See id.* Counsel cannot be deemed ineffective for failing to file futile motions. *Donovan v. State*, 94 Nev. 671, 675, 584 P.2d 708, 711 (1978). Thus, the district court did not err in denying this claim.

Second, appellant claimed that counsel was ineffective for failing to challenge the amended criminal complaint because it was signed without authority and constituted a violation of the Double Jeopardy Clause. Appellant failed to demonstrate deficiency or prejudice. Appellant's claim is belied by the record, as the complaint was signed by a deputy district attorney under penalty of perjury. *See* NRS 171.102. In regard to his claim of a double jeopardy violation, he had not yet been tried or punished for any of the offenses and thus double jeopardy was not at issue. *See Jackson v. State*, 128 Nev. ___, ___, 291 P.3d 1274, 1278 (2012), *petition for cert. filed*, 81 U.S.L.W. ___ (U.S. Mar. 8, 2013) (No. 12-9118). Because a challenge to the amended criminal complaint would have been unsuccessful, appellant failed to demonstrate that counsel was

ineffective. *See Donovan*, 94 Nev. at 675, 584 P.2d at 711. Accordingly, the district court did not err in denying this claim.

Third, appellant claimed that counsel was ineffective for failing to argue at the preliminary hearing that the prosecution was a "sham" because Counts 3 and 4 were the same as Count 6. Appellant failed to demonstrate deficiency or prejudice, as this claim is clearly belied by the record. Count 3 charged him with assault with the use of a deadly weapon of victim Kurt Holub, while Count 4 charged him with battery with the use of a deadly weapon of a different victim, Ryan Hickman, and Count 6 charged him with attempted murder of Hickman. Thus, the charges in the counts were not identical. Furthermore, appellant was convicted only of Counts 3 and 4, which were two different offenses involving two different victims. Thus, the district court did not err in denying this claim.

Fourth, appellant claimed that counsel was ineffective for failing to file a motion to produce victim Hickman at the preliminary hearing, which would have resulted in the dismissal of charges when Hickman did not appear to testify at the hearing. Appellant failed to demonstrate deficiency or prejudice. A defendant may be bound over for trial if the evidence at the preliminary hearing is sufficient to establish probable cause that a crime was committed by the defendant, and probable cause to support a criminal charge may be based on slight or marginal evidence. *Sheriff, Washoe Cnty. v. Hodes*, 96 Nev. 184, 186, 606 P.2d 178, 180 (1980); NRS 171.206. While Hickman did not testify at the preliminary hearing, Holub's testimony established probable cause to support the charges related to Hickman—two counts of battery with the use of a deadly weapon and one count of attempted murder. Holub

testified that appellant confronted him and Hickman and swung a knife at them, cutting Hickman on the hand. Holub further testified that appellant drove off but then came back and drove his truck at Holub and Hickman, hitting Hickman and trapping him between the truck and a transformer before driving away. Because the State was unable to locate Hickman and have him testify about his injuries at the preliminary hearing, the State struck the "resulting in substantial bodily harm" language from one of the battery charges. Appellant failed to demonstrate a reasonable probability that any of the charges would have been dropped had counsel filed a motion to produce Hickman at the preliminary hearing. Thus, the district court did not err in denying this claim.

Fifth, appellant claimed that counsel was ineffective for failing to suppress Holub's testimony at the preliminary hearing because Holub was in jail and was a "duress witness" and because Holub had a prior felony conviction and thus was in "infamy" and could not testify as a witness. Appellant failed to demonstrate deficiency or prejudice. The State met its burden of presenting probable cause to bind appellant over for trial, and the alleged problems with the testimony identified by appellant would not have affected the admissibility of that testimony at the preliminary hearing. Because a motion to suppress would have been futile, counsel was not ineffective for failing to file it. *See Donovan*, 94 Nev. at 675, 584 P.2d at 711. Therefore, we conclude that the district court did not err in denying this claim.

Sixth, appellant claimed that counsel was ineffective for failing to subpoena a "bar full of people" for the preliminary hearing. Appellant failed to demonstrate deficiency or prejudice, as he failed to explain what the witnesses would have testified to or how the testimony

would have affected the outcome of the proceedings. *See Hargrove*, 100 Nev. at 502-03, 686 P.2d at 225. Thus, the district court did not err in denying this claim.

Seventh, appellant claimed that counsel was ineffective for failing to ensure that a bench conference during the preliminary hearing was recorded and for failing to object to witnesses' testimony. Appellant failed to demonstrate deficiency or prejudice, as he failed to support these claims with any specific facts that would entitle him to relief. *Id.* Thus, the district court did not err in denying these claims.

Eighth, appellant claimed that counsel was ineffective during the preliminary hearing for asking Officer Kruse only four questions, for not objecting to Officer Kruse's testimony about Hickman, and for failing to question Officer Kruse about inducing appellant to return to the scene of the crime by promising that he would not be arrested. Appellant failed to demonstrate deficiency or prejudice. At the preliminary hearing, Officer Kruse testified that he arrived at the scene and saw a victim lying on the ground and that he interviewed appellant later that night. Counsel objected to any identification of the victim, and the officer did not identify the victim as Hickman nor testify about appellant's arrest or statements. Appellant failed to indicate how any further objections or questioning of the officer would have changed the outcome of the proceedings. Therefore, the district court did not err in denying these claims.

Ninth, appellant claimed that counsel was ineffective for failing to appeal or challenge the probable-cause determination. Appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced, because sufficient evidence was presented at the preliminary hearing to support the bind-over to the

district court. *See Donovan*, 94 Nev. at 675, 584 P.2d at 711. Therefore, we conclude that the district court did not err in denying this claim.

Tenth, appellant claimed that counsel was ineffective for failing to personally appear at his arraignment in district court and at a pretrial hearing. Appellant failed to demonstrate deficiency or prejudice. He did not explain how counsel's personal presence, rather than the presence of counsel's associate, at the arraignment and pretrial hearing would have affected the outcome of the proceedings. Thus, the district court did not err in denying this claim.

Eleventh, appellant claimed that counsel was ineffective for failing to remove herself as appellant's counsel several weeks after his arraignment. This claim is belied by the record, as counsel moved to withdraw shortly after the arraignment in district court, explaining that appellant refused to cooperate and wanted different counsel, but the district court initially denied the motion and did not allow counsel to formally withdraw until several months later. Thus, the district court did not err in denying this claim.

Twelfth, appellant claimed that counsel was ineffective for waiving his attorney-client privilege. Appellant asserted that, after his first counsel was removed and he was appointed new counsel, his new counsel informed the district court that he had obtained appellant's case file from appellant's previous counsel. Appellant failed to demonstrate deficiency, as counsel was not unreasonable for obtaining the necessary files and informing the court of this. Thus, the district court did not err in denying this claim.

Thirteenth, appellant claimed that counsel was ineffective for failing to object to a competency evaluation and an order of commitment.

Appellant failed to demonstrate deficiency or prejudice. The district court ordered appellant removed from the courtroom and evaluated for competency after appellant's behavior disrupted a pretrial hearing and appellant refused to cooperate with counsel. At a subsequent hearing, appellant again was removed from the courtroom for disruptive behavior, and the district court ordered him to be committed, evaluated, and treated. Appellant failed to explain how any objection by counsel would have affected the outcome of the proceedings. Thus, the district court did not err in denying this claim.

Fourteenth, appellant claimed that counsel was ineffective for failing to meet with him until a month after being appointed to represent him. Appellant also claimed that counsel was ineffective for stating on several occasions to the district court that counsel was unprepared to go to trial, and for lying to appellant as to the reason for the one-day delay of trial. Appellant failed to demonstrate prejudice, as he did not explain how counsel's failure to meet with him, statements of unpreparedness, or explanation for the trial delay affected the outcome of the trial. Furthermore, while the record indicates that counsel wanted more time to investigate and prepare for trial, appellant refused to waive his right to a speedy trial and postpone the trial. Therefore, we conclude that the district court did not err in denying these claims.

Fifteenth, appellant claimed that counsel was ineffective for failing to move to dismiss the charges based on speedy trial violations and double jeopardy concerns. Appellant failed to demonstrate deficiency or prejudice. Any delay in trial beyond the 60-day statutory time limit was due to appellant's refusal to work with counsel and his disruptive behavior, which resulted in his commitment and treatment. *See* NRS

178.556; *Furbay v. State*, 116 Nev. 481, 484-85, 998 P.2d 553, 555 (2000). As discussed earlier, double jeopardy was not at issue because appellant had not yet been tried, convicted, or punished for any of the offenses with which he was charged. *See Jackson*, 128 Nev. at ___, 291 P.3d at 1278. Because a motion to dismiss on these bases would have been futile, counsel was not ineffective for failing to file one. *See Donovan*, 94 Nev. at 675, 584 P.2d at 711. Thus, the district court did not err in denying these claims.

Sixteenth, appellant claimed that counsel was ineffective for recommending that the trial be postponed over appellant's objections and for attempting to convince him to waive his right to a speedy trial. Appellant failed to demonstrate that he was prejudiced, as counsel neither asked for a continuance nor waived appellant's right to a speedy trial. Thus, the district court did not err in denying this claim.

Seventeenth, appellant claimed that counsel was ineffective for failing to file or address his proper person motions regarding ineffective assistance of counsel and complaints against the clerk and the district court. Appellant failed to demonstrate prejudice, as he failed to demonstrate a reasonable probability that the outcome of the trial would have been different had counsel considered those motions. Thus, the district court did not err in denying this claim.

Eighteenth, appellant claimed that counsel was ineffective for failing to invoke appellant's right to discovery regarding Hickman and for failing to prevent Hickman from testifying at trial. Appellant did not demonstrate deficiency or prejudice, as he failed to support his claim with specific factual allegations. *See Hargrove*, 100 Nev. at 502-03, 686 P.2d at 225. Furthermore, counsel did object to Hickman's testifying at trial, but

the trial court allowed Hickman to testify. Thus, the district court did not err in denying this claim.

Nineteenth, appellant claimed that counsel was ineffective for failing to call any defense witnesses, particularly when appellant informed counsel about a "bar full of witnesses." Appellant failed to demonstrate deficiency or prejudice. Before trial, counsel advised the district court that he needed more time to investigate and prepare for trial but that appellant wished to proceed to trial without any further delay and against the advice of counsel. Furthermore, appellant failed to explain what testimony any possible defense witnesses would have offered. *Id.* Accordingly, the district court did not err in denying this claim.

Twentieth, appellant claimed that counsel was ineffective for failing to move for a directed verdict after Hickman testified that the truck incident was an accident. Appellant failed to demonstrate deficiency or prejudice. Although the district court may enter a judgment of acquittal, NRS 175.381(2), there is no provision in Nevada law for the entry of a directed verdict in a criminal case. To the extent that appellant contended that counsel should have requested a judgment of acquittal, a review of the record reveals sufficient evidence to sustain his convictions for assault with the use of a deadly weapon and battery with the use of a deadly weapon. Holub testified at trial that appellant was driving slowly down the street looking at Holub and Hickman, and then appellant turned his truck towards them, sped up, and hit Hickman before reversing and driving away. Hickman did not contradict this testimony, but rather testified that he had his back turned and did not see the truck until immediately before it struck him. From this evidence, a reasonable juror could have concluded that appellant deliberately aimed his truck at the



victims and thus committed assault against Holub and battery against Hickman. Thus, appellant failed to demonstrate that his counsel was ineffective for failing to move for a judgment of acquittal. Accordingly, the district court did not err in denying this claim.

Twenty-first, appellant claimed that counsel was ineffective for failing to move for a mistrial after the district court commented to the jury that it would have found him guilty of the same counts as the jury did. Appellant failed to demonstrate prejudice, as the district court made this comment after the jury returned the verdict, and appellant could not show that the comment improperly influenced the jury. Thus, the district court did not err in denying this claim.

Twenty-second, appellant claimed that appellate counsel was ineffective for raising only five claims on direct appeal, and for failing to raise all of the issues that appellant raised in his proper person motions filed in district court. Appellant failed to demonstrate deficiency or prejudice, as he failed to support this claim with specific factual allegations. *See Hargrove*, 100 Nev. at 502-03, 686 P.2d at 225. Appellant failed to provide any explanation as to which specific claims counsel should have raised on direct appeal or why those claims would have been successful. Thus, the district court did not err in denying this claim.

To the extent that appellant raised the above claims outside the context of ineffective assistance of counsel, he waived them by failing to raise them on direct appeal or demonstrate that he had good cause for his failure to raise them. *See* NRS 34.810(1)(b)(2), (3).

Appellant also claimed that his constitutional rights were violated when (1) he was not allowed to call an attorney during questioning by the police; (2) the district court removed him from the

courtroom and did not appoint someone as amicus curiae during pretrial hearings; (3) he did not receive a trial within 60 days of his arrest, and the district court did not explain his speedy trial rights to him; (4) the clerk refused to file his proper person documents, and the district court ordered his proper person motions to be stricken as fugitive documents; (5) the district court did not consider his complaints and motions regarding judicial bias, ineffective assistance of counsel, and the clerk's refusal to file his submissions; (6) the district court did not inquire about his counsel's case load before appointing him; (7) he was under the influence of a pain reliever and muscle relaxant, which prevented him from testifying at trial; (8) the district court set a time limit on the trial and rushed the defense's questioning of witnesses; (9) the district court did not instruct the jury as to accident; and (10) the district court denied his post-sentencing motion to dismiss counsel. These claims were also waived because they could have been raised on direct appeal and appellant did not demonstrate cause and actual prejudice for his failure to do so. NRS 34.810(1)(b)(2), (3).

Next, appellant claimed that the district court erred by instructing the jury on flight. This claim was raised and rejected on direct appeal, and the doctrine of the law of the case prevents further litigation of this issue. *See Hall v. State*, 91 Nev. 314, 316, 535 P.2d 797, 799 (1975).

Finally, appellant claimed that this court violated his constitutional rights on direct appeal by denying his motions to dismiss counsel and appoint alternate counsel. We conclude that the district court did not err in denying these claims, as the district court does not have

jurisdiction over this court's decisions. *See* Nev. Const. art. 6, § 6. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc: Hon. Linda Marie Bell, District Judge
James Lewis Atkins
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

_____

[3]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.