An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Appellant,
vs.
DARNELL AUNTREZ JERNIGAN,
Respondent.

No. 64812

**FILED**

APR 10 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court order granting respondent Darnell Jernigan's pretrial petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Michael Villani, Judge.

Along with other charges, the State charged Jernigan with five counts of first-degree kidnapping, alleging that Jernigan directly, or by aiding and abetting another, with the use of a deadly weapon, willfully, unlawfully, feloniously, and without authority of law, seized, confined, inveigled, enticed, decoyed, abducted, concealed, kidnapped, or carried away five victims, with the intent to hold or detain the victims against their will, without their consent, for the purpose of committing robbery, by pointing firearms at the victims and directing them into the bathroom. Jernigan challenged the grand jury's finding of probable cause to support

---

[1]We conclude that this appeal may be resolved on the record and that briefing and oral argument are not necessary. *See* NRS 34.575(3).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-11396

the kidnapping charges, arguing that the State failed to present sufficient evidence to support the indictment because it did not establish that the kidnapping was not incidental to the robbery. The district court granted the petition and dismissed the kidnapping counts (Counts 3-7). The State now appeals.

We defer to the district court's determination of factual sufficiency when reviewing pretrial orders on appeal. *See Sheriff, Clark Cnty. v. Provenza*, 97 Nev. 346, 630 P.2d 265 (1981). Here, the district court granted the petition and dismissed the kidnapping charges finding that this court's holding in *Wright v. State*, 94 Nev. 415, 581 P.2d 442 (1978), that a conviction for first-degree kidnapping cannot stand where the kidnapping is incidental to the robbery, applied to this case and this is a clear case where the alleged kidnapping is incidental to the robbery, *see Curtis D. v. State*, 98 Nev. 272, 274, 646 P.2d 547, 548 (1982) ("Whether the movement of the victim is incidental to the associated offense and whether the risk of harm is substantially increased thereby are questions of fact to be determined by the trier of fact in all but the clearest cases.").

At the grand jury hearings, Josiah Blocks was the sole testifying witness to support the kidnapping allegations. Blocks testified that he, Rayonna Gordon, Henry Santos, and Blocks' two children were in his apartment when three intruders forced their way into the apartment with guns drawn and ordered Blocks, Gordon, and Santos to get on the floor. After removing items from the apartment, the intruders held Blocks, Gordon, Santos, and the children at gunpoint and ordered them to enter the bathroom. One of the intruders shut the bathroom door and said

that Blocks and the others could come out when they heard a knock on the door. Blocks testified that he waited approximately five minutes and, because he had not heard a knock, exited the bathroom and looked out his apartment window to see if the intruders had left. Blocks identified Jernigan as one of the intruders.

Although the evidence presented to the grand jury may not be sufficient to sustain dual convictions for robbery and kidnapping, *see* *Mendoza v. State*, 122 Nev. 267, 275, 130 P.3d 176, 181 (2006) (setting forth parameters under which dual convictions for robbery and kidnapping arising from the same court of conduct may be sustained), we are not concerned with whether the evidence currently in the record is, by itself, sufficient to sustain such dual convictions. Rather, we are solely concerned with whether the evidence presented to the grand jury establishes probable cause that the offense of kidnapping was committed against Blocks, his children, Gordon, and Santos, and that Jernigan committed it. *See Sheriff, Washoe Cnty. v. Hodes*, 96 Nev. 184, 186, 606 P.2d 178, 180 (1980). Although marginal, we conclude that the evidence presented to the grand jury is sufficient to establish probable cause to support the kidnapping charges. *See* NRS 200.310(1) ("A person who willfully . . . confines . . . a person by any means whatsoever with the intent to hold or detain, or who holds or detains, the person . . . for the purpose of committing . . . robbery . . . is guilty of kidnapping in the first degree."); *Hodes*, 96 Nev. at 186, 606 P.2d at 180 ("The finding of probable cause may be based on slight, even 'marginal' evidence, because it does not

involve a determination of the guilt or innocence of an accused." (citations omitted)). Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____ , J.
Pickering

_____ , J.
Parraguirre

_____ , J.
Saitta

cc:  Hon. Michael Villani, District Judge
     Attorney General/Carson City
     Clark County District Attorney
     Yampolsky, Ltd.
     Eighth District Court Clerk