An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

VICTOR ODIAGA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64319

**FILED**

MAY 13 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

In his June 27, 2013, petition, appellant claimed that his trial counsel was ineffective. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown. *Strickland*, 466 U.S. at 697.

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-15464

First, appellant claimed that his counsel was ineffective for failing to properly question witnesses, raise objections, or object to duplicative charges at the preliminary hearing. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. Counsel challenged the victims' version of events at the preliminary hearing and argued that there was insufficient evidence presented at that hearing. Appellant failed to demonstrate a reasonable probability of a different outcome had counsel raised further questions or objections during the preliminary hearing as the State presented sufficient evidence to support a probable cause finding for the charges against appellant. *See Sheriff, Washoe Cnty. v. Hodes*, 96 Nev. 184, 186, 606 P.2d 178, 180 (1980). Therefore, the district court did not err in denying this claim.

Second, appellant claimed that his trial counsel was ineffective for failing to investigate the case or discover receipts showing that the victims' bills had been paid. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. Appellant did not identify any evidence that objectively reasonable counsel would have uncovered through diligent investigation that was not presented at the trial. *See Molina v. State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004). In addition, the receipts were presented at trial by the State, as appellant gave the victims receipts showing that payment had been made or that the checks were deposited, but the victims later discovered that appellant had used fraudulent checks to make the payments or deposits. Appellant failed to demonstrate a reasonable probability of a different outcome at trial had counsel performed further investigation into

these matters. Therefore, the district court did not err in denying this claim.

Third, appellant claimed that his trial counsel was ineffective for failing to file pretrial motions. Appellant failed to demonstrate either deficiency or prejudice for this claim. Counsel filed a pretrial petition for a writ of habeas corpus and appellant did not identify any additional motions that objectively reasonable counsel would have filed. *See Hargrove v. State*, 100 Nev. 498, 502-03 686 P.2d 222, 225 (1984). Appellant failed to demonstrate a reasonable probability of a different outcome at trial had counsel filed additional pretrial motions. Therefore, the district court did not err in denying this claim.

Fourth, appellant claimed that his trial counsel was ineffective for failing to question witnesses regarding their misidentifications during their photo line-up. Appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Counsel questioned many of the victims regarding their photo line-up. For the victims that misidentified appellant in the photo line-up, the testimony revealed that the photo of appellant and the misidentified photo appeared substantially similar. In addition, the victims identified appellant in court as the person who had defrauded them and one victim had taken a photograph of appellant during the financial transactions. Under these circumstances, appellant failed to demonstrate objectively reasonable counsel would have further questioned the victims about the photo line-up. As there was overwhelming evidence of appellant's guilt presented at trial, appellant failed to demonstrate a reasonable probability of a different outcome at trial had counsel posed further questions regarding this subject. Therefore, the district court did not err in denying this claim.

Fifth, appellant claimed that his trial counsel was ineffective for failing to argue that there was insufficient evidence to prove that he knowingly took the victims' money or that he had the intent to take their money. Appellant failed to demonstrate either deficiency or prejudice for this claim. Trial counsel attempted to show that the State had failed to prove all of the charges against appellant beyond a reasonable doubt. In addition, there was overwhelming evidence presented at trial that appellant had the intent to defraud the victims and improperly take their money. Accordingly, appellant failed to demonstrate a reasonable probability of a different outcome at trial had counsel further argued there was insufficient evidence of guilt. Therefore, the district court did not err in denying this claim.

Sixth, appellant claimed that his trial counsel was ineffective for failing to argue that the State withheld exculpatory evidence in the form of receipts showing that the bills had been paid and a photograph from a bank, which appellant asserted depicted a different person conducting the fraudulent transaction. Appellant failed to demonstrate either deficiency or prejudice for this claim as this evidence was not withheld, was not exculpatory, and was presented by the State during trial as evidence of appellant's guilt. *See State v. Bennett*, 119 Nev. 589, 599, 81 P.3d 1, 8 (2003). Therefore, the district court did not err in denying this claim.

Seventh, appellant claimed that his trial counsel was ineffective for advising him not to testify. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. The trial court informed appellant that he had the right to testify and that the decision whether to testify was his alone. Appellant acknowledged

that he had discussed testifying with counsel and that he understood that he had to decide whether to testify. In addition, appellant had an extensive and lengthy criminal history, with many of his previous convictions involving similar fraudulent activities to those he was charged with in this matter, and he would have been subject to questioning regarding those convictions. *See* NRS 50.095. Given appellant's statements to the district court and his criminal history, he failed to demonstrate that counsel's advice was objectively unreasonable or that there was a reasonable probability of a different outcome had counsel advised appellant to testify. Therefore, the district court did not err in denying this claim.

Eighth, appellant claimed that his trial counsel was ineffective for failing to object when the State changed its theory of the case, as the State amended a number of the charges. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. When the State informed the court of the amended charges, defense counsel informed the court that there were no objections to the amendments. Appellant failed to demonstrate that objectively reasonable counsel would have objected or that there was a reasonable probability of a different outcome had counsel objected to the amended charges. *See* NRS 173.095(1). Therefore, the district court did not err in denying this claim.

Ninth, appellant claimed that his trial counsel was ineffective for failing to argue that appellant was incompetent. Appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Appellant failed to demonstrate that he did not have the ability to consult with his attorney with a reasonable degree of rational

understanding and that he did not have a rational and factual understanding of the proceedings against him. *See Melchor-Gloria v. State*, 99 Nev. 174, 179-80, 660 P.2d 109, 113 (1983) (citing *Dusky v. United States*, 362 U.S. 402 (1960)). Appellant failed to demonstrate a reasonable probability of a different outcome had counsel argued he was incompetent because appellant provided no factual support for this claim. *See Hargrove*, 100 Nev. at 502-03, 686 P.2d at 225. Therefore, the district court did not err in denying this claim.

Tenth, appellant claimed that his trial counsel was ineffective because counsel advised appellant to waive his speedy trial rights, but did not ensure that appellant understood those rights prior to the waiver. Appellant failed to demonstrate either deficiency or prejudice for this claim. Appellant acknowledged that counsel offered advice regarding his speedy trial rights and appellant failed to demonstrate that objectively reasonable counsel would have offered additional or extensive advice regarding the waiver of that right. In addition, as the start of trial was not unreasonably delayed and appellant failed to demonstrate any prejudice related to the waiver of a speedy trial, appellant failed to demonstrate he was entitled to relief for this claim. *See Furbay v. State*, 116 Nev. 481, 484-85, 998 P.2d 553, 555 (2000). Therefore, the district court did not err in denying this claim.

Eleventh, appellant claimed his initial counsel from the Clark County Public Defender's Office had a conflict of interest and improperly represented him at the preliminary hearing. Months after the preliminary hearing, counsel filed a motion to withdraw as she had learned information from appellant that possibly implicated a fellow client of the Clark County Public Defender's Office. The district court then

appointed substitute counsel and that counsel represented appellant at trial. Under these circumstances, appellant failed to demonstrate an actual conflict of interest or that his counsel had divided loyalties. *See Clark v. State*, 108 Nev. 324, 326, 831 P.2d 1374, 1376 (1992). Therefore, the district court did not err in denying this claim.

Having concluded that appellant is not entitled to relief, we ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Michelle Leavitt, District Judge
Victor Odiaga
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[2]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.