An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

THOMAS VAIL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66720

**FILED**

MAY 1 8 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a pro se appeal from an order denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Jerome T. Tao, Judge.

In his petition filed on June 9, 2014, appellant claimed that he received ineffective assistance of counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). To demonstrate prejudice regarding the decision to enter a

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

guilty plea, a petitioner must demonstrate a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant claimed that his trial counsel failed to submit as evidence a consultant fee paid to the victim's boyfriend and the cost of insurance, which he argued would have made a difference in the outcome at the preliminary hearing. Appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. There was slight or marginal evidence presented at the preliminary hearing that a crime was committed and that appellant committed the crime. *See Sheriff v. Hodes*, 96 Nev. 184, 186, 606 P.2d 178, 180 (1980). The evidence appellant suggested should have been presented would not have had a reasonable probability of altering the outcome of that proceeding.

Second, appellant claimed that his trial counsel failed to challenge the restitution amount and never shared with appellant any information about restitution as provided by the prosecutor. Appellant

failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. The restitution amounts were set forth in the guilty plea agreement and discussed during the plea canvass. Appellant affirmatively acknowledged the accuracy of the negotiations as set forth in the plea canvass. Appellant failed to demonstrate that there was a reasonable probability of a different outcome had his trial counsel challenged the restitution amounts or communicated further with appellant.

Third, appellant claimed that his trial counsel was ineffective because he lacked training in the insurance industry. Appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Appellant was charged with theft and uttering a forged instrument. He failed to demonstrate that his counsel's training was insufficient regarding these charges or how further training in the insurance industry would have had a reasonable likelihood of altering the outcome of the proceedings.

Next, appellant claimed that the prosecutor failed to document and support the restitution figures, he was innocent of the crime of theft, the prosecutor withheld evidence regarding the cost of the insurance and the fact that the victim's claim had been twice turned down, the victim withheld valuable information, the prosecutor failed to disclose favorable evidence, the prosecutor presented false evidence, and his sentence was based on a mistake of fact that worked to his extreme detriment. These claims are outside the scope of claims permissible in a post-conviction

petition for a writ of habeas corpus challenging the validity of a judgment of conviction based upon a no-contest plea. *See* NRS 34.810(1)(a). Therefore, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:    Eighth Judicial District Court Dept. 20
       Thomas Vail
       Attorney General/Carson City
       Attorney General/Las Vegas
       Clark County District Attorney
       Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A