# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHIN LUNG JEROME CHEN,
Petitioner,
vs.
JOSEPH LOMBARDO, SHERIFF,
COUNTY OF CLARK, STATE OF
NEVADA,
Respondent.

No. 76846

FILED

OCT 17 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER DENYING PETITION

This petition for a writ of habeas corpus seeks the dismissal of an indictment because slight or marginal evidence was not presented to the grand jury to support the charge of drawing and passing a check without sufficient funds in the drawee bank with the intent to defraud. Petitioner challenges the application of the statutory presumption set forth in NRS 205.132(1)(b) (providing that the intent and knowledge that the drawer has insufficient money is presumed if "[p]ayment of the instrument is refused by the drawee [bank] when it is presented in the usual course of business") and argues that there was no evidence presented that the casino markers were deposited in the "usual course of business."

We conclude that our intervention by extraordinary relief is not warranted. The director of collections from the casino testified before the grand jury about the practice of collecting on markers from long-time playing customers and that petitioner had made some payments on the markers at issue before the markers were submitted for payment. This testimony provides sufficient evidence to satisfy the slight or marginal standard of evidence, *see Sheriff v. Hodes*, 96 Nev. 184, 186, 606 P.2d 178, 180 (1980), and prevents this court from treating petitioner's argument as

18-40758

a pure question of law. Because this court disfavors review of a pretrial probable cause determination through an original proceeding, *see Kussman v. District Court*, 96 Nev. 544, 545-46, 612 P.2d 679, 680 (1980), and because the question involving the statutory presumption may be reviewed on appeal from a final judgment of conviction, if petitioner is convicted, *see* NRS 177.015(3), NRS 177.045, we decline to delay resolution of this matter in the district court by affording interlocutory review in advance of trial.[1] Accordingly, we

ORDER the petition DENIED.

_____, J.
Pickering

_____ J.
Gibbons

HARDESTY, J., dissenting:

While I agree that this court generally should not review the resolution of a pretrial probable cause determination through an original writ proceeding, *Kussman*, 96 Nev. at 546, 612 P.2d at 680, I believe petitioner may have presented a purely legal question challenging the applicability of the statutory presumption set forth in NRS 205.132(1)(b) that is appropriate for this court's review at this time, *Ostman v. Eighth Judicial Dist. Court*, 107 Nev. 563, 816 P.2d 458 (1991). I therefore dissent.

---

[1]We further note that petitioner improperly sought relief in an original petition for a writ habeas corpus, which must be filed in the district court. *See* NRAP 22.

Petitioner has been charged by indictment with drawing and passing a check without sufficient funds with the intent to defraud and theft based upon casino markers that were returned for insufficient funds. The casino submitted the markers for payment approximately 19 months after petitioner had signed them. The grand jury was instructed, pursuant to NRS 205.132(1)(b): "In a criminal action for issuing a check or draft against insufficient or no funds with the intent to defraud, the intent and knowledge that the drawer has insufficient money, property or credit with the drawee [bank] is presumed to exist if: . . . (b) Payment of the instrument is refused by the drawee when it is presented in the usual course of business . . . ." The meaning of "usual course of business" was not defined for the grand jury.

The legal issue raised by petitioner is whether the "usual course of business" includes presenting a casino marker for payment more than 6 months after it was signed. Petitioner argues that it does not. *See* NRS 104.4404 (providing that a bank is not obligated to pay a check, other than a certified check, presented more than 6 months after its date); *Nguyen v. State*, 116 Nev. 1171, 1173 n.1, 14 P.3d 515, 516-17 n.1 (2000) (recognizing that testimony indicated markers were usually presented for payment within 30 to 90 days); *see also IBP, Inc. v. Mercantile Bank of Topeka*, 6 F.Supp. 2d 1258, 1267-68 (D. Kan 1998) (recognizing a bank may be liable when it pays a check known to be stale without some inquiry).[2] The district court relied, in part, upon the statutory presumption in denying the pretrial

---

[2]Notably, while acknowledging that times varied for collections, the collections agent testified in this case that on average a marker would generally be submitted for payment within 3 to 6 months.

SUPREME COURT
OF
NEVADA

(O) 1947A

3

petition.[3] Despite any deficiencies in the appendix or the possibility that there was a factual basis to support the indictment separate and apart from the statutory presumption, I believe the legal issue about the applicability of the statutory presumption in this case and the meaning of "usual course of business" may be reviewed as it may impact the trial, and I would order an answer to resolve the purely legal issue.

_____, J.
Hardesty

cc:    The Pariente Law Firm, P.C.
       Clark County District Attorney
       Eighth District Court Clerk

---

[3]The district court also noted that there was other evidence to support the intent to defraud under NRS 205.130, separate and apart from the statutory presumption. However, the nature of this evidence is unclear as the appendix does not contain a copy of Grand Jury Exhibit 3 (certified bank records) and no testimony was presented to the grand jury regarding Exhibit 3, although the State did briefly assert that there were insufficient funds in the drawee bank on the date the first marker was signed. I note that the appendix further does not contain a copy of the pleadings below, which has unnecessarily hampered this court's review of this petition.